ALBANY,
Feb. 1826.

Bromagham
v.
Clapp

---

BROMAGHAM and others *against* CLAPP.

IN partition, under the act for the partition of lands, passed April 12th, 1813, (1 R. L. 507.) The proceeding was for partition of a farm in Schodack, Rensselaer county, of which the plaintiffs claimed to be seised in fee as tenants in common, each of one ninth part. The petition was presented to this Court August 9th, 1823 ; and was served on the defendant about 3 months before. Plea, that the defendant, at the time of preferring the petition, and at the time of

The object of a suit in partition under the statute, (1 R. L. 507,) is, to ascertain the several rights of the parties ; but possession is not awarded.

Though the plaintiff's right of entry be destroyed by adverse possession when the suit in partition is commenced ; yet, when the court see that such possession was short of 25 years, and, therefore, no bar to a writ of right, they are bound to proceed under the statute, and ascertain the rights of the parties.

To warrant proceedings in partition, it is not necessary that all the parties should be actually seised, when the suit is commenced.

pleading, was sole seized and possessed in his demesne as of fee, &c., and traversing the tenancy in common.   To this plea was annexed a notice that he had been so seized for 25 years previous to the exhibiting of the petition, adversely to the claims of the petitioners, and all other persons. Replication, that the plaintiffs were seized in fee, &c., as tenants in common, *modo et forma,* &c., and issue.

The cause was tried at the Rensselaer circuit June, 1824, before BETTS, C. Judge : when it appeared that William Bromagham the father of the plaintiffs, being seized in fee of the premises in question, died intestate about the 15th of January, 1799 ; leaving the plaintiffs, three of his children, and 6 others, his children and heirs at law ; 9 in the whole. Previously, in May, 1795, he had been declared a lunatic ; and in August, then next following, Peter, his son was appointed his committee by the court of Chancery ; and took possession of his real and personal estate.   In October, 1802, Peter, having purchased the right of his brother Isaac, contracted to sell the whole of the premises in question to the defendant in fee, and on the 3d of May, 1803, conveyed the whole in fee to the defendant.   Sometime in March next before, the defendant had entered ; and has continued in possession, claiming title ever since.   Jemima Martin, one of the plaintiffs, was covert of Baron in 1803 ; but her husband died 13 years before this suit was commenced.

A very long case was made and argued at the bar, involving several questions of fact, and various points beside those presented above ; but it is not deemed material to notice them.   A verdict was taken at the circuit, for the plaintiffs, subject to the opinion of the Court.

*J. V. N. Yates,* for the plaintiffs.   1. The defendant has not established such an adverse possession as to bar our right of recovery.   He has not shown an adverse possession for 25 years, as set up in his plea, nor even for 20 years : but if for either, it was not, under the circumstances, such an adverse possession as to bar a tenant in common. It was not adverse in its inception.

2. In this case, the mere right, or seisin in fee is in question. This arises out of the pleadings. The defendant sets up a sole seisin in himself; but he fails to establish it. (*Nash* v. *Peck*, 3 John. Cas. 128.) Besides, partition, in its very nature, draws in question the *jus proprietatis*, (Vin Partition (R) pl. 3. (U) pl. 2, 6; *Lucet* v. *Beekman*, 2 Caines, 385; *Cook* v. *Allen*, 2 Mass. Rep. 462,) not merely the right of possession. In this view, a clear adverse possession, of at least 25 years, must be shown, to constitute a bar; which will hardly be pretended.

3. In any view, Jemima's right is not barred; she having been covert when her title accrued; and she continued so to 1813.

*J. Edwards* and *S. A. Foot*, contra, contended that a clear adverse possession, of at least 20 years before suit brought, was established. The plaintiff's right of entry being gone partition will not lie. It is a possessory action. (*Lloyd* v. *Gordon*, 2 Har. & M'Henry, 254, 260.) Twenty years is therefore a bar. There is an adverse possession of 25 years; which is sufficient to bar this suit, if it is to be considered in the nature of a real action, involving the mere right of property.

But the plaintiffs have mistaken their remedy. Proceedings in partition cannot be had under the statute, unless the parties are all seised at the time of commencing them. Here all the plaintiffs were disseised. They should have brought ejectment; obtained possession or seisin, in common; and then have brought partition.

*Curia*, per SAVAGE, Ch. Justice. The plaintiffs are each entitled to one ninth of the premises in question, unless they have parted with their interest; or are barred by the statute of limitations.

Peter, by virtue of his appointment as committee of the lunatic, was entitled to the real estate; but after his father's death he had no interest, except as one of the heirs at law, and as the assignee of Isaac, whose right he had purchased; he could, therefore, convey no greater title to the defendant.

ALBANY,
Feb. 1826.

Bromagham
v.
Clapp.

It is contended, however, that the possession has been so long adverse that the plaintiffs are barred. If the possession was adverse from the death of the lunatic, then twenty four years had elapsed when this suit was commenced, which was in May, 1823. But I apprehend the possession of one tenant in common enures to the benefit of all his co-tenants, unless there has been an actual ouster, or something tantamount thereto. (3 Cruise's Dig. 485.) The defendant's possession was adverse from the 3d of May, 1803, when he was in possession, claiming title under a conveyance of the whole. This was a trifle more than twenty years before the present suit was commenced. The possessory right, therefore, is gone as to all the plaintiffs; for though Jemima Martin was covert in 1803, yet her husband died thirteen years before this suit was commenced. She was barred in ten years after the disability was thus removed.

But though the possession and the right of possession are thus gone from the plaintiffs, they have a remedy by writ of right. In this action of partition, the several rights of the parties are ascertained, and their portions designated; but possession is not awarded. If the plaintiffs had lost all remedy it would be useless for the court to inquire into the right. But their remedy is not gone till twenty-five years adverse possession shall have elapsed. It is therefore, the duty of the court, in the language of the statute, to "ascertain and determine the respective rights of the parties, &c. and give judgment that partition be made according thereto," &c.

The plaintiffs are each entitled to one ninth of the premises in question. The judgment must accordingly be for the plaintiffs for three ninths; and that commissioners be appointed to make partition, &c. (1 R. L. 509.)

Woodworth, J., having formerly been concerned as counsel, in relation to the rights in question in the cause, gave no opinion.

                       Judgment accordingly.