### EDWARD MOORE vs. JACOB FRANKENFIELD.

### March 18, 1879.

Covenant for Quiet Enjoyment.—A covenant for quiet enjoyment goes to the possession and not to the title, and to constitute a breach of the covenant, there must be some actual disturbance of the possession, equivalent to a lawful eviction under paramount title.

Same—Judgment in Partition.—A judgment in partition between an assignee of the covenantee who is in possession of the premises, and a person holding a paramount title in fee to an undivided portion thereof, allotting to each in severalty his portion, is not, of itself alone, an eviction, or evidence of an eviction.

Same—Damages for Breach.—In case of a recovery by an assignee of the covenantee against the covenantor, for a breach of the covenant, the measure of damages is the amount paid by such assignee for the premises, not exceeding the consideration paid to the covenantor, with interest from the time of the eviction.

Appeal by defendant from an order of the district court for Sibley county, *Macdonald,* J., presiding, refusing a new trial.

*S. & O. Kipp,* for appellant.

*L. M. Brown,* and *J. F. Walsh,* for respondent.

CORNELL, J. The action, as stated in the complaint, is founded upon an alleged breach of a covenant for quiet enjoyment contained in a deed from the defendant to the grantor of the plaintiff, which purported to convey to the covenantee therein, her heirs and assigns, the whole of a certain tract of land, comprising seven acres more or less, and therein described as "out-lot No. 5, in Camorand's addition to the town of Henderson," for the sum of one hundred dollars, the consideration expressed in the deed. The breach alleged consists in an eviction of the plaintiff from a portion of said lot, which is described by metes and bounds as a strip of land containing one and 89-100 acres of land, by reason of a paramount title in one Desilitz.

A covenant for quiet enjoyment goes only to the possession, and not to the title; and when the covenantee, or, as in this case, his assignee, takes and holds possession under the deed, there must be an actual lawful eviction from the premises, or some disturbance of that possession, to constitute a breach of the covenant. So long as the actual possession of the property remains in the covenantee or his assignee, an action for a breach of the covenant will not lie, though there may exist in fact an outstanding paramount title, the enforcement of which would work a change in the possession. *Webb* v. *Alexander,* 7 Wend. 281.

The only evidence introduced in this case touching the fact of possession and of an eviction, was the record of a judgment in partition, and the proceedings in a certain action for partition, between the plaintiff and one Desilitz, which was instituted by the latter in the district court of Sibley county. As appears from such record, that action was brought by Desilitz, in January, 1874, for a partition of said out-lot 5, and an adjoining tract of seven acres known as out-lot 6, in said addition, his claim being, as stated in the complaint in that action, that both these out-lots constituted but one tract,

and that plaintiff and Desilitz were seized in fee of said entire tract, as tenants in common; the former, of the undivided seven-sixteenths thereof, and the latter of nine-sixteenths. Upon the basis of the truth of this claim, which was established to the satisfaction of the court, a partition was made, by which there was alloted to Desilitz, in severalty, all of out-lot 6, and the strip of land in controversy herein from out-lot 5, for his undivided interest; and to the plaintiff herein the balance of said out-lot 5, to hold in severalty, as and for his interest in said entire tract; and a final judgment was thereupon rendered, adjudging such partition to be firm and effectual forever.   Defendant Frankenfield was not a party to that suit, and had no notice of it, so far as appears.

Upon this evidence the court instructed the jury, in substance, that the fact of plaintiff's eviction was sufficiently established to enable him to maintain this action, and that the judgment in the partition suit constituted itself an eviction and ouster of the plaintiff from nine-sixteenths of said out-lot 5.   In this the court erred.   The operative effect of that judgment was simply to sever the cotenancy theretofore existing between the parties thereto, in respect to the premises which were the subject of the partition, by allotting to each his separate portion as a just equivalent for his undivided interest, and establishing his title thereto in severalty as against his cotenant and the other parties to the partition suit.   It established, as against this plaintiff, the right of Desilitz to recover the possession of the strip of land in controversy, but it did not of itself transfer that possession from the plaintiff to Desilitz, nor interfere with it in any way. *Bromagham* v. *Clapp*, 5 Cow. 295, and same case in Court of Errors, 9 Cow. 530, 569.   It did not, therefore, show an eviction of the plaintiff from any part of lot 5.

In an action of this kind, brought by an assignee of the original covenantee, the measure of damages, in case of a recovery, would be the consideration which the assignee paid for the premises from which he had been evicted, not exceed-

ing the amount of the consideration paid to the original covenantor, with interest thereon from the time of the eviction. *Crisfield* v. *Storr*, 36 Md. 129. The ruling of the court upon this point was clearly erroneous.

Upon these two grounds, the order denying a new trial is reversed, and a new trial awarded.