Jackson
v.
Rice.

JACKSON, ex dem. Montresor and others, *vs.* E. and A. RICE.

A grantor, with covenant of warranty, is a competent witness for his grantee in an action of ejectment brought *by* him for the recovery of the possession of the premises conveyed; although he would not be a competent witness to support the title of his vendee in an action *against* him for the premises by a third person.

Where deeds of lands embrace premises lying in two counties, and are recorded in only one of them, and it is proved that the originals are lost, *exemplifications* of the records of the deeds are competent evidence to prove the contents of such deeds, in an action of ejectment for the recovery of the premises conveyed, situate in the county where the deeds are *not* recorded.

THIS was an action of ejectment, tried at the Washington circuit, in June, 1828, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff shewed title in John Montresor to a lot of land the premises in question, under a deed of partition between the original patentees of the artillery patent, situate in the county of Washington, bearing date in 1765. He then offered in evidence a deposition of Seth Hunt, a resident of the state of Alabama, taken *de bene esse* on due notice; it being admitted that at the time of the trial he was in Alabama. In this deposition the witness testified, that he was acquainted with one of the lessors of the plaintiff, Thomas Gage Montresor, of the county of Kent in England, who was reputed to be son and one of the heirs at law of the late John Montresor, who died, as the witness had been informed and believed, leaving four children his heirs at law, to wit, the said Thomas Gage Montresor, Henry Tucker Montresor, Frances Margaret Montresor and Mary Lucy Mulcaster; that the three last named persons, by deed bearing date 11th August, 1817, conveyed their interest in the premises in question, and in other lands, to Thomas Gage Montresor, who, by deed dated 19th August, 1817, conveyed the same to him, the witness; that the deeds were duly proved before the lord mayor of London, and recorded in the clerk's office of the county of Essex, in this state; that in the month of October, 1818, the trunk of the witness containing the deeds was stolen, and that he has not since recovered the deeds; that the defendant E. Rice was formerly the wife of Noah Howard, now deceased, who, in 1812, was in possession of the premises in question, and disclaimed having any title to the same, and that E. Rice, the widow of Noah Howard, had agreed to purchase the premi-

To authorise the production of a deposition in evidence, taken under the act to perpetuate testimony, the party must produce *proof* of the inability of the witness to attend at the circuit, and not rely on the *presumption* of such inability arising from the advanced age of the witness.

ses, but failing in making payment, a conveyance had not been executed to her; and that he (the witness) had sold the premises to one Reuben Mussey, and had no interest in the suit, either directly or indirectly. To the admission of this deposition the defendant objected, on the ground of the interest of the witness. The judge ruled that he was irterested. The plaintiff then offered in evidence a release to the witness from G. M. Selden and J. D. Selden, two of the lessors of the plaintiff, in whom the title to the premises was claimed to be, from all liability under the covenants contained in his deed, delivered to the witness previous to his examination. The release was executed in the presence of a subscribing witness, and the defendants objected to its being read unless its execution was proved by the subcribing witness. The judge sustained the objection. The attorney for the plaintiffs proved that two releases, executed and witnessed, were handed to him by the releasors, for the purpose of delivering one of them to the witness Hunt, which was done accordingly. The judge held the proof insufficient, and rejected the release and deposition.

A deposition of Richard Harrison of New-York, taken under the act to perpetuate testimony for the purpose of proving the descent cf the heirs of John Montresor, was next offered in evidence, and as premilinary to its introduction, a witness was called, who proved that Mr. Harrison was between 75 and 80 years of age, and that the witness believed, from the ill state of his health and the infirmities consequent upon his advanced age, he was unable to attend at the circuit as a witness. He had not, however, seen Mr. Harrison for several years, and did not personally know the state of his health. The judge decided that the proof of the inability of Mr. Harrison to attend court was not sufficient, and rejected this deposition also.

The plaintiff next offered in evidence *exemplifications* of the deeds mentioned in the deposition of Hunt, obtained from the clerk of the county of *Essex*, in whose office the same had been duly recorded; the deeds conveying, besides the premises in question, a large tract of land situate in the county of Essex. To the admission of the exemplifications the defend-

UTICA,<br>
August, 1829.<br><br>
Jackson<br>
v.<br>
Rice.

ants objected, and the judge rejected them. The plaintiffs gave in evidence a deed of the premises in question from Seth Hunt to Reuben Mussey, bearing date 13th November, 1819, in which the grantor covenanted to defend the title against all persons lawfully claiming the same from or under John Montresor or his heirs, or from or under him the grantor. Also deeds of the same premises from Mussey to George Selden, dated 3d November, 1820, and from George Selden to George M. Selden, bearing date 22d September, 1825. No further proof being offered, the judge nonsuited the plaintiff; to set aside which, a motion was now made.

*D. Selden*, for plaintiff.

*J. L. Wendell*, for defendants.

*By the Court*, SAVAGE, Ch. J. It is objected to the competency of Seth Hunt to testify as a witness in this cause, that he he is interested, having conveyed the premises in question to Mussey, through whom the lessors of the the plaintiff derive title, with a covenant of warranty. The warranty is against all persons claiming under himself or Montresor; to whom the lot in question was conveyed on a partition among the original proprietors. This covenant was intended to protect Mussey against any claims under an older or better title than Hunt had conveyed. In the suit for the recovery of the possession of the land by his grantee, Hunt had no interest. He could neither be a gainer or loser by the event ; nor could the verdict be given in evidence for or against him. Had the vendee of Hunt gone into possession under his conveyance, and an action had been commenced *against* him for the premises by a third person, Hunt could not have been a witness to support the title of his vendee. (2 Rolle's Abr. 685.) But here the action was *by* the vendee to obtain possession ; and a failure in the suit could by no possibility subject Hunt to liability, as he would not be liable under his covenant. though it had appeared that he had no title when he conveyed ; his liability attaching only in case of an *eviction* after possession obtained. (11 Johns. R. 122.) The

objection, if any, went to his credit, and not to his competen-cy. He was therefore a competent witness.

If right in this conclusion, it becomes unimportant to de-cide whether the release was properly excluded or not. However, according to the established rules of evidence, where an instrument under seal is executed in presence of a subscribing witness, that witness must be produced if within the jurisdiction of the court. If the release had been neces-sary, the judge was correct in requiring the production of the subscribing witness.

Hunt being considered a competent witness, he proves the existence and loss of the deeds necessary to vest the title in himself, and proves the contents by reference to the exem-plifications. Strictly the judge was correct in excluding the exemplifications as *records*. The title should be recorded in the county where the land lies, and then the exemplification of a deed is evidence without accounting for the non-produc-tion of the original. In this case, having proved the former existence of the deeds in question, and their loss, the plain-tiff was at liberty to give parol evidence of their contents. This he did do, and more also. He produced the only copy which could be produced; and in my judgment it was com-petent evidence to go to the jury.

The deposition of Hunt, in construction with the deeds pro-duced and those lost, seem to me to make out a *prima facie* case for the plaintiff. The judge was correct in my opin-ion in rejecting the deposition of Mr. Harrison. For aught that appeared, he might, although 80 years of age, have at-tended the court. At all events, the judge was not bound to presume him unable to attend. The plaintiff should not rely upon presumption where it was his duty to produce proof.

I am accordingly of opinion that the nonsuit be set aside, and a new trial granted, with costs to abide the event.