## WEBB and wife *vs.* ALEXANDER.

An action of *covenant* will not lie for breach of the covenant of *quiet enjoyment,* although the grantee has been prosecuted in *trespass* by a third person claiming title and a *recovery* had against him, unless the plaintiff in the action avers and proves, that such third person *before,* or *at the date* of the covenant, *had lawful title,* and by virtue thereof, *entered* and *ousted* the plaintiff.

A record of a judgment stating a recovery in trespass for $102,64, cannot be given in evidence in support of an averment in an action for breach of covenant for quiet enjoyment that the recovery was $600.

Where it is sought to connect a suit before a justice, dismissed by reason of a *plea of title,* with a suit subsequently prosecuted for the same cause in the common pleas, *the written proceedings* before the justice must be produced; the facts cannot be established by *parol.*

The admissions of an *agent* of a party not acting within the scope of his authority, are inadmissible as evidence; the agent being a competent witness, must be called to testify.

THIS was an action of covenant, tried at the Schoharie circuit, in November, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The action was brought for the breach of a covenant contained in a deed of lands conveyed by Maria Alexander, the defendant, to Lydia Webb, one of the plaintiffs, bearing date 22d April, 1823, granting 147 acres of land in a tract called Byrnes' patent; the consideration expressed in the deed being $185. The covenant was that the grantor would warrant and defend the grantee in the quiet and peaceable possession of the premises, against all persons lawfully claiming the same. The declaration contained *two counts;* in the first, after setting out the deed and the covenant of warranty contained therein, the plaintiffs averred that on the day succeeding the date of the deed they entered into possession, and that afterwards, on the same day, one John L. Lawyer, with force and arms, &c. entered upon the same premises, and *ejected, expelled, put out* and *amoved* them from the possession of 70 acres, part of the premises conveyed, and kept them ejected, &c. and so the defendant had not ' kept her covenant, &c. In the second count the plaintiffs, after setting forth the deed and covenant, and averring that on the twenty-seventh day of April, 1823, they entered into possession of the premises conveyed, alleged that one John L. Lawyer, lawfully claiming a part, to wit, 47 acres, *as his own,* afterwards, to wit, on the same day, &c. commenced an action of *trespass* against David Webb, one of the plaintiffs, before a justice of the peace, for cutting timber and trees on a part of the premises conveyed; that Webb appeared to the suit, and pleaded *title;* that · the suit before the justice was thereupon dismissed, and the action commenced in the common pleas of Schoharie, of which suit the defendant here had notice, but neglected to defend the same; that Lawyer recovered a judgment for $600 against Webb, for cutting the trees, and for other things done by him on the premises, while using the same as his own in the right of his wife, in the ordinary manner practised by the owners of farms, and for the costs of such suit, and so the defendant had not warranted and defended the premises in the quiet and peaceable possession of the plaintiffs, against all and every person lawfully claiming, &c. The defendant put in a plea to each count, traversing *separately* each *fact* stated in the averments, tendering an issue to the country, and the plaintiffs joined issue.

On the trial of the cause it was proved that 31 acres of the premises conveyed were in an adjoining tract called Bouck's patent, and not in Brynes' patent. Shortly after the date of the deed, Webb went into possession and built a house on that part of the premises lying in Bouck's patent. In May, 1825, John L. Lawyer commenced a suit against him before a *justice of the court;* who testified that the suit was brought for trespassing on a certain piece of land; that Webb appeared, pleaded *title,* and entered into a *recognizance* pursuant to the statute, to appear in the common pleas, and that thereupon the suit was dismissed. This evidence was objected to on the ground of variance from the declaration, and that the plea and recognizance ought to be produced; the objection was overruled. The plaintiffs then produced a record of a judgment in the common pleas of Schoharie, in favor of John L. Lawyer against Webb, one of the plaintiffs, in an action of *trespass,* for $45,06 *damages,* and $57,58 *costs,* docketed 15th February, 1826. This evidence was also objected to, on the ground of variance, and that the suit in the common pleas was not shewn to be a *continuation* of the suit before the justice; which objection was also overruled. In proving *notice* to the defendant in this cause of the suit by Lawyer, declarations of an *agent* of the defendant, who said he had no authority to act in that particular, were received in evidence, though objected to, but notice was otherwise sufficiently shewn. After the judgment against him, Webb quit the possession of the premises; the value of the 31 acres was proved to be equal to all the residue of the premises conveyed by the defendant. On the part of the defendant it was shewn that on the 16th February, 1826, Webb and wife conveyed by quit claim, their interest in the premises for the consideration of $198; the purchasers, however, set up no claim to the 31 acres, and Lawyer took possession of that portion of the land. The jury, in their estimate of damages, allowed the *one half* of the consideration money paid by the plaintiffs and the interest of the same, in consequence of the disturbance as to the possession of the 31 acres, and rendered a verdict for the plaintiffs for $277,70, subject to the opinion of this court. The defendant now moved for a new trial, and in arrest of judgment.

NEW-YORK,
May, 1831.

Webb
v.
Alexander.

*Hamilton & Goodyear*, for defendant.

*J. O. Morse*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J. The defendant contends that the plaintiffs are not entitled to recover, in the first place, because the declaration is defective, and secondly, because the facts do not warrant a recovery, even if the declaration was sufficient.

In the case of *Foster* v. *Pierson*, 4 T. R. 617, the declaration was for a breach of the covenant of quiet enjoyment. The breach was, that J. B. Pierson, at the time of the conveyance, had *lawful right* and *title* to the premises, and having such lawful right, entered and expelled the plaintiff from the possession. The defendant demurred to this declaration, and shewed for cause, 1st. That it did not appear that J. B. P. had establish-lished or shewn his right to the premises ; and 2d. That it did not appear that the entry of J. B. P. was under legal process. Lord Kenyon held the declaration good, because certain to a common intent ; for it stated, that at the time of the convey-ance, and of the eviction, J. B. P. had lawful right, and hav-ing such lawful right, entered ; which was equivalent to say-ing, that having lawful right, he entered ; the other objection was waived. The other judges agreed that it was equivalent to saying that he entered by lawful title. In *Greenby & Kel-logg* v. *Wilcocks*, 2 Johns. R. 1, it was objected to the declara-tion, that the plaintiffs omitted to state the manner of expul-sion, whether by *lawful title* or not ; and the whole court agreed that the manner of stating the eviction was bad. *Spencer*, justice, says : " The eviction stated in the declaration does not appear, nor is it averred to have taken place by process of law nor that the ouster was committed by any person having right or superior title."

In *Waldron* v. *M'Carty*, 3 Johns. R. 471, which was an action for a breach of the covenant for quiet enjoyment, the al-legation in the declaration was, that there had been a foreclosure in chancery upon a mortgage older than the conveyance to the plaintiff, and the plaintiff was obliged to purchase the premis-es, to prevent being ousted. *Spencer*, justice, said ; " After a

full examination of the cases, we do not find one where an action of covenant has been brought on a covenant for quiet enjoyment, in which it is not expressly alleged that there was an entry and expulsion from the premises; it is not enough to allege a lawful title superior to the one conveyed," and the conclusion was, that the covenant for quiet enjoyment is not broken by any other acts than an *entry and eviction*, or a disturbance of the possession itself. In *Kortz* v. *Carpenter*, 5 Johns. R. 120, the breach of the covenant was, that at the date of the deed to the plaintiff, and long before, the premises were adversely, by lawful title, possessed and enjoyed by the proprietors of the Hardenburgh patent. On demurrer, the court said: " It appears to be a technical rule, that nothing amounts to a breach of this covenant but an *actual eviction*, or *disturbance* of the possession of the covenantee." In *Kent* v. *Welch*, 7 Johns. R. 258, the court said: " That before there can be any remedy upon either covenant, (an *implied warranty*, or an *express warranty*,) there must be a *lawful eviction* averred and shewn." In *Vanderkarr* v. *Vanderkarr*, 11 Johns. R. 122, the court say : " It is a well settled rule, that under a covenant of warranty the plaintiff must shew a *lawful eviction*, in order to maintain his action.

In the case of *Kerr* v. *Shaw*, 13 Johns. R. 236, the action was assumpsit, upon an agreement that the plaintiff should hold peaceable possession of a certain farm. The court consider it equivalent to a covenant for quiet enjoyment, provided a consideration had been stated in the written agreement, and say, " this covenant is broken only by an *eviction* or *actual ouster*; and after referring to the cases of *Waldron* v. *M'Carty* and *Kortz* v. *Carpenter*, it is added: "In the case before us there is to be seen a judgment against the plaintiff, and nothing wanting but a writ of possession to constitute a breach of the promise. But this being a technical rule, applicable to this covenant, the covenantee ought not to stop short of an actual ouster, if he means to rely upon his covenant; he has no right to make any compromise until an actual breach has been shewn." These cases have recently been adverted to as, establishing the rule on this point. *Lansing* v. *Van Alstyne*, 2 Wendell, 565.

From this review of the cases, it is clear that the first count in the declaration is altogether defective. It states a mere *trespass*, and contains no averment that Lawyer had *title*, or entered under pretence of title. The second count is also defective : it states, indeed, that on the 27th of April, 1823, Lawyer, *lawfully claiming* 47 acres, commenced an action, but it does not state that *at the date of the conveyance*, to wit, the 23d of April, Lawyer had any claim, and *non constat* but he derived title from the plaintiffs ; it states a suit and recovery in the common pleas, in an action of *trespass* against the plaintiff, and notice of such suit to the defendant, but *an eviction* in terms is not stated. According to the preceding cases, the plaintiffs should have averred that Lawyer, before, or at the date of the covenant, had *lawful title*, and by virtue of that title *entered* and *ousted* the plaintiffs ; or, if they chose to state the facts specially, they should have stated all that would be necessary in evidence to constitute an *ouster*. And according to the case of *Kerr* v. *Shaw*, even a judgment in ejectment would not be sufficient, without likewise shewing the execution of a writ of possession under it. Both counts of the declaration are therefore bad.

THE COURT, however, gave leave to the plaintiffs to *amend* their declaration, upon payment of the costs of such amendment ; and on the case made, ordered a *new trial*, with costs to abide the event, *holding* that the judge at the circuit erred in not requiring the *written proceedings* before the justice to be produced ; that the record of the recovery in the common pleas ought not to have been received, because variant from that set forth in the declaration ; and that the declarations of the *agent* of the defendant, not acting within the scope of his authority, were inadmissible, inasmuch as he was a competent witness, and ought to have been called ; and in answer to an objection, that the jury erred in allowing, in their estimate of damages, the one half of the consideration money, when it appeared that the plaintiffs were disturbed in the possession of but 31 out of 147 acres of land, the court were of opinion that the jury did right, inasmuch as it appeared that the 31 acres were equal in value to the residue of

the land conveyed, and as the increased price obtained by the plaintiffs on the sale of their interest in the land might have been owing to a rise in the value of the property, or to the fact of improvements made by the plaintiffs.