## BEDDOE'S EXECUTOR *vs.* WADSWORTH.

An *assignee* of covenants of warranty and for quiet enjoyment, may maintain an action on the covenants where *possession* is taken under the deed and there is a subsequent eviction, although at the time of the execution of the deed the grantor had no title.

The covenants may be assigned as well by a *release* and *quit-claim* as by *deed of bargain and sale,* or by *lease and release.*

The damages recoverable upon a breach of covenant of warranty or for quiet enjoyment, belong to the *personal representative* and not to the *heirs* of the party evicted.

Where the eviction takes place during the life of the *assignee* and the damages and costs are paid *in part* by him, and *in part* by his *executor* after his death, the facts may be alleged according to the truth of the case, in an action by the executor.

To support an action for breach of covenants of warranty and for quiet enjoyment, an *eviction* by *title paramount* must be alleged and proved.

DEMURRER to declaration. This was an action on covenants of warranty and for quiet enjoyment, contained in a deed of land, dated July 7th, 1797, executed by the defendant to *John Johnston.* Each count (there being six in all) averred that afterwards, viz. on

the same day, the defendant by Johnston's direction, and with his consent, surrendered *possession* of the land to the testator, John Beddoe, who *continued in possession* until Johnston, on the 16th August, 1802, by indenture, in consideration of *one dollar*, therein expressed as in hand paid by Beddoe, did "remise, release, and forever quit claim unto the said John Beddoe, his heirs and assigns forever, all the right, title, interest, claim or demand, which the said John Johnston, &c. had in or to the said tract, &c. to have and to hold the said tract, &c. unto the said John Beddoe, his heirs and assigns forever, to his and their own proper use, benefit and behoof, &c." Each count stated an eviction, from part of the premises, while in possession of persons claiming under John Beddoe, the plaintiff's testator, and during the lifetime of the testator. The eviction was alleged to have been in virtue of a title in one Rachel Malin. All the counts except the sixth stated this title to be paramount to the defendant's; and all except the *fifth* averred that the plaintiff, *as executor*, had thereby incurred damages and costs. The *fifth* count averred that the *testator* in his lifetime, and the *plaintiff* since his death, had been obliged to pay them.

The *first* and *second* counts averred that the defendant's deed to Johnston was given to and received by Johnston for and in behalf of Beddoe, the testator, and for his benefit.

All the counts except the third, concluded as for a breach of the covenant for *quiet enjoyment* only; the third was for a breach of the covenant of *warranty* only. But the deed as set forth in each count in fact contained covenants of seisin, of warranty, for quiet enjoyment, and further assurance. The defendant *demurred* to each count.

The demurrers were argued by

J. C. *Spencer*, for the defendant.

D. B. *Prosser*, for the plaintiff.

Points made and argued on the part of the defendant;

1. It appears by all the counts in the declaration except the sixth, that the *defendant* never had any title to the pre-

mises from which the evictions were had; consequently *no title* passed by his deed to *Johnston*, and none was or could be conveyed by *Johnston* to *Beddoe*, and as *no estate* passed to *Beddoe* there was no land to which the *covenants* declared upon, could be annexed so as to pass to the assignee of Johnston. In support of this point the counsel cited and commmented upon the following authorities: 4 Kent's Comm. 471, note *b; Hickford* v. *Page,* 2 Mass. R. 455, 560; *Andrews* v. *Pearce,* 1 Bos. & Pull. N. R. 158; *Marston* v. *Hobbs,* 2 Mass. R. 439; *Wheelock* v. *Thayer,* 16 Pick. 68, 70; *Bartholemew* v. *Cander,* 14 Pick. 167, 171; *Wade* v. *Merwin,* 11 Pick. 287; *Copenhurst* v. *Copenhurst,* T. Raym. 27; *Pitcher* v. *Livingston,* 4 Johns. R. 1 to 10; *Hamilton* v. *Wilson,* id. 72; *Greenley & others* v. *Wilcox,* 1 Johns. R. 8; *Balley* v. *Wells,* 3 Wils. 29; *Webb* v. *Russell,* 3 T. R. 402; *Walker's case,* 3 Co. R. 23; *Spencer's case,* 5 Co. R. 18; Viner's Abr. tit. Covenant K. 7.

II. The *release* and *quit-claim* from Johnston to Beddoe was not an *assignment of the covenants* contained in the deed of the defendant to Johnston. 4 Cruise's Dig. 97 to 99, tit. 32 Deed, ch. 6. & 25; *Butler* v. *Duckmanton,* Cro. Jac. 169; *Noke* v. *Awder,* Cro. Eliz. 436; *Bennett* v. *Irwin,* 3 Johns. R. 363 to 366.

III. The covenants on which the action is brought, being such as would run with the land, the action should have been brought by the *heir* and not by the *executor,* there being no averment that the personal estate had been legally damnified. *Hamilton* v. *Willson,* 4 Johns. R. 72, *Kingdorn* v. *Nottle,* 1 Maule & Sel. 355. *Lacy* v. *Livingston,* 2 Lev. 66, and 1 Vent. 175. *King* v. *Jones,* 5 Taunt. 318.

IV. The *fifth* count alleges that both the *testator* and the *executor* paid the damages and costs on the eviction of the grantee of the testator.

V. The *sixth* count does not allege a disturbance of possession by any title *hostile,* or inconsistent with that of the defendant.

*By the Court,* Cowen, J. If the covenants of warranty and for quiet enjoyment passed by the quit-claim deed from Johnston to the plaintiff's testator, the right of action sought

to be shown by the declaration seems to be clear in all the counts except the sixth. This count is defective in not averring that the eviction was by a title paramount to that of the defendant. *Webb* v. *A exander*, 7 Wendell, 281. *Luddington* v. *Pulver*, 6 id. 404 to 406. *Greenby* v. *Wilcocks*, 2 Johns. R. 395. *Ellis* v. *Welch*, 6 Mass. Rep. 246. Per Savage, Ch. J. in *Rickert* v. *Snyder*, 9 Wendell, 421, 422. 4 Kent's Comm. 479, 3d ed. *Non constat* but Rachel Malin may have proceeded to eviction upon a right derived from Johnston or the testator himself. In the other five counts, however, there is enough to show that during the lifetime of Beddoe the testator, he either became personally liable on covenants to his grantees as to a part of the premises from which they were evicted by a title superior to the defendants, or suffered an injury in an eviction of his tenant by a like superior title. Then it is averred either that the plaintiff was compelled to pay damages and costs as executor, or, according to the fifth count, the testator in his lifetime was obliged to pay a part, and the plaintiff another part after his death. In either case, the right of action pertained to the testator personally. The covenant was broken by the eviction, and the whole damages were due, Hosmer, Ch. J., in *Mitchell* v. *Warner*, 5 Conn. R. 504 to 506, the right to which passed on his death, not to his heir, but to his personal representative. *Hamilton* v. *Wilson*, 4 Johns. R. 72. A covenant real ceases to be such when broken, and no longer runs with the land. It would not go to the heir by death for the same reason that it could no longer follow the land into the hands of a devisee or grantee. See *Markland* v. *Crump*, 1 Dev. & Bat. 94, 101 ; *Kingdom* v. *Nottle*, 1 Maule & Sel. 355 ; 4 id. 53, *S. C.*

This view of the case disposes of all the minor objections raised by the demurrers. There must be judgment for the defendant on the sixth count, and for the plaintiff on all the others, unless either the first or second point taken by the defendant's counsel is sustainable. These are each applicable to the remaining five counts.

The first point is, that it appears from five of the counts, that when the defendant conveyed to Johnston, he, the de-

fendant had no title; and as no estate therefore passed to the plaintiff's testator, the covenants were not assigned; that covenants pass only as *incidents* to an estate; and if there be none, the covenants cannot be said to be annexed to an estate, much less to pass with it. The point seems to suppose that these covenants can never be transferred where there is a total want of right in the original covenantor, though his deed transfer the actual possession. It seizes on the phrase in 4 Kent's Comm. 471, note *b*, 3d ed., and other books, " that they cannot be separated from the land and transferred without, but they go with the land as being *annexed to the estate*, and bind the parties in respect to *privity of estate.*" No New York case was produced which denies that they pass where the *possession* merely goes from one to another by deed, and there is afterwards a total failure of title; but there are several to the contrary. *Withy v. Mumford*, 5 Cowen, 137. *Garlock v. Closs*, 5 id. 143, n. And see *Markland v. Crump*, 4 Dev. & Bat. 94; *Booth v. Starr*, 1 Conn. R. 244, 248. Nor when we take the word *estate* in its most comprehensive meaning, can it be said there is none in such a case to which the covenant may attach. It is said by Blackstone to signify the condition or circumstance in which the owner stands with respect to his property, 2 Black. Comm. 103, and a mere naked possession is an imperfect degree of title which may ripen into a fee by neglect of the real owner. Id. 195, 6. It is, in short, an inchoate ownership or *estate* with which the covenants run to secure it against a title paramount; and in that sense is assignable within the restriction insisted upon. It is said in several cases that the covenants of warranty and quiet enjoyment refer emphatically to the *possession* and not to the *title*. *Waldron v. M'Carty*, 3 Johns. R. 471, 3, per Spencer J. *Cortz v. Carpenter*, 5 id. 120. The meaning is, that however defective the title may be, these covenants are not broken till the possession is disturbed. When the latter event transpires, an action lies to recover damages for the failure both of possession and title according to the extent of such failure.

The case of *Bartholomew* v. *Candee*, 4 Pick. 167, was mainly relied upon in support of the ground taken by the first point. All that case decides is, that a covenant no longer runs with the land after it is broken. The declaration was by the grantee of one Thorp, to whom the defendant had conveyed in fee with covenants of seisin and warranty ; and breaches were assigned upon both. The defendant pleaded and the jury found, that before the defendant conveyed to Thorp, he had conveyed to one Sparks, who entered and died actually seised, leaving the land to the children, who were still actually seised when the defendant conveyed to Thorp. Mr. Justice Wilde arrives at the conclusion that the covenant of seisin was broken before the deed from Thorp to the plaintiff ; and adds—" This point being established, it is perfectly well settled that no action will lie on this contract in the name of the assignee. By the breach of the covenant of *seisin*, an action accrued to the grantee, which being a mere chose in action, was not assignable." He does not notice the covenant of *warranty*, but seems to consider the claim under that as standing on the same ground ; which I think might well lie under the pleas as found by the jury. The fair import of these was that neither Thorp nor the plaintiff ever had possession ; so that, according to some cases, the covenant of warranty was also immediately broken ; *Duvall* v. *Craig*, 2 Wheat. 45, 61, 62 ; *Randolph* v. *Meak*, Mart. & Yerg. 58 ; and according to our own it never could have any effect. No possession ever having been taken under the deed, there could be no actual eviction, which is said to be essential to a recovery upon a covenant of warranty. *Webb* v. *Alexander*, 7 Wendell, 281 to 284, and the cases there cited. *Jackson ex dem. Montressor* v. *Rice*, 3 Wendell, 180, 182, per Savage, Ch. J. *Vanderkarr* v. *Vanderkarr*, 11 Johns. R. 122. See a very full collection and consideration of the cases to this point, both as it respects the covenant of warranty and for quiet enjoyment, by Hosmer, Ch. J., in *Mitchell* v. *Warner*, 5 Conn. R. 521 to 527. That an unbroken covenant of warranty shall run with the possession of the land, was not questioned by counsel or court in *Bartholomew* v. *Candee*, nor was it in

a subsequent and similar case, *Wheelock* v. *Thayer*, 16 Pick. 68, also relied upon.   I have looked through the other cases cited by the counsel for the defendant, and they all go to the point, either that a covenant broken ceases to be assignable, or that covenants in gross are not so.   These positions are indisputably settled; and we have adoped the first, in order to show that this action was properly brought by John Beddoe's executor instead of his heir.   I do not except from this remark the case of *Andrew* v. *Pearce*, 4 Bos. & Pull. 158.   It is true that was an action on covenants both that the defendants had authority to demise and for quiet enjoyment.   The title failed before the plaintiff took an assignment; he entered and was ousted; and it was held that he could not recover, because the mere failure of the title broke the covenants.   Mansfield, Ch. J. said expressly, the assignor had only a right of action left, which he could not assign.   It would seem by this case that, in England, a simple failure of title, without eviction, would be a breach of the covenant for quiet enjoyment.   With us the doctrine is clearly otherwise.   *Kortz* v. *Carpenter*, 5 Johns. R. 120. *Norman* v. *Wells*, 17 Wendell, 160, and the cases there cited. And see *Mitchell* v. *Warner*, 5 Conn. R. 498, 522, and the very full reference there to the New York cases.   In *Andrew* v. *Pearce*, the lease was treated as totally gone, by a failure of the title; whereas there was still a continuing possession, till the plaintiff was ousted, and then and not till then, according to our cases, was the covenant for quiet enjoyment broken.   There is a difference in more respects than one between our own and the English cases as to what shall constitute a breach of the covenants of title, so as to take away their assignable quality.   Even a covenant of seisin, made and broken in the same breath, is there held to run with the land, till actual damages are sustained by the breach. *Kingdorn* v. *Nottle*, 1 Maule & Sel. 355.   4 id. 53.   Kent's Comm. 471, 2, 3d ed. says the reason assigned for the decision is too refined to be sound.   The case is followed by *Backus' adm'r* v. *McCoy*, 3 Ham. Ohio R. 211; but severely criticised in *Mitchell* v. *Warner*, 5 Conn. R. 497 to 505.   Kent's Comm. *ut supra*, note *a*.

But secondly, if the covenant be in its own nature available to the assignee as a protection against the total failure of the defendant's title, and if it be assignable by a grant of the land, it is insisted that none of the counts in the declaration show that such a grant was made from Johnston to the plaintiff's testator. All the counts stop with averring that Johnston, for the consideration of one dollar, *remised, released and forever quit-claimed* to the testator in fee. Technically, these are but words of release; and as no previous lease from Johnston to the testator is shown, it is supposed that the granting words are inoperative: This objection supposes that the words used cannot carry the estate except as part of a conveyance by lease and release; and that, in order to give them effect, a lease should be shown, either by its production and proof, in the usual way, or its recital in the release; and this formal strictness would seem still to prevail in England. *Doe ex dem. Pember* v. *Wagstaff*, 7 Carr. & Payne, 477. In *Bennett* v. *Irwin*, 3 Johns. R. 365, 366, Van Ness, J. said, a mere release or quit-claim, unless the releasee is in possession, is void. But the declaration, in the case at bar, shows that the grantee was in possession. Even this strictness was, however, totally exploded, by the case of *Jackson ex dem. Salisbury* v. *Fish*, 10 Johns. R. 456, the operative words as set forth in the declaration being held of themselves sufficient to raise and execute a use under the statute. The conveyance was there held good as a bargain and sale. Had that case occurred to counsel, we should doubtless have been saved the examination of this objection; for we do not remember its being denied on the argument that words which are sufficient to pass a fee in conveyancing are equally sufficient in pleading by way of averment.

The demurrers are overruled as to all the counts except the sixth, and judgment must be given for the plaintiff.

The demurrer to the sixth count is well taken, and judgment must be given for the defendant as to that count, with leave to both parties to amend.