By the Court. Duer, J.
It is difficult to understand from reading this complaint exactly upon what ground the plaintiff claims to recover; whether upon the ground that the defendant and his brother had only a life estate when they conveyed, and that, the remainder in fee was then vested in third persons, or that by the commission of waste their title and right to the possession were wholly divested. It is quite unnecessary, however, to determine this question, since there is no hypothesis, consistent with the facts in evidence, upon which the defendants can be rendered liable in the present action.
The covenant of warranty upon the breach of which alone i, this action is founded, is not a covenant, that the party cove- / nanting is then seized and will continue to be seized of an / absolute indefeasible estate in the premises conveyed, and, consequently, it is not violated merely by the existence of an out- i standing paramount title. Its true meaning and legal inter- j¡ pretation is that the grantee, his heirs and assigns, shall not be | deprived of the possession by force of a paramount title. ^ It ' is true, that there are cases in the .English reports from which j, it may be inferred that a general covenant of warranty is ' there construed as a covenant of seizin, but in this state, and in ', other states of the Union, the law is settled by numerous deci-1 *196 sions that in order to maintain an action for a breach of the covenant, an actual eviction or ouster, from the possession of the whole or of a part of the premises conveyed, by force of a paramount title, is necessary to be proved. It may not be necessary to prove an eviction by. process of law, for the possession may be changed by its surrender to the rightful owner, but, in all cases to show a breach of the covenant, evidence of an actual and lawful dispossession must be given. (Vanderham v. Vanderham, 11 John. 122; Montresor v. Rice, 3 Wend. 180; Webb v. Alexander, 7 Wend. 281; Beddoes, Executor, v. Wadsworth, 21 Wend. 120; Greenvault v. Davis, 4 Hill, 643; Mitchell v. Warner, 5 Connec. 521; Loomis v. Bedell, 11 N. Hamp. 521; Emerson v. Proprietors, &c., 1 Mass. 464; Hamilton v. Cutts, 4 Mass. 349.)
In the present case, there is no evidence to show an actual eviction of the plaintiff from the possession of the whole or of any part of the premises, either by the children of Mrs. More-house, in whom the remainder in fee is alleged to be vested, or by any other person having a title paramount to that which the defendant' conveyed; nor, in truth, is any such eviction averred in the complaint. The complaint, indeed, avers that the plaintiff has been evicted by a paramount title from the title and right conveyed to her, but an eviction merely from a right and title is language unknown to the law, and is either wholly unmeaning, or means only that a title was vested in third persons preferable to that of the plaintiff. Construing the covenant of the defendant as a covenant of seizin, the complaint avers a breach, and not otherwise. It is, therefore, bad upon its face, and no evidence was given upon the trial that could justify its amendment.
Of an actual entry by the children of Mrs. Morehouse, or their guardian, at all affecting the possession of the plaintiff, there is no evidence whatever, and the supposition that the existence of a statutory right of entry was in judgment of law equivalent to a positive eviction, we do not hesitate to reject as unsound and extravagant. If a subsisting right of entry in the persons entitled in remainder placed them in judgment of law in the actual possession, it follows that, as this right, if it ever existed, *197 accrued before the conveyance to the plaintiff, she has never-been in possession at all, and consequently has never been evicted.
Even could we be justified in saying that a covenant of warranty, like that of seizin, is merely a covenant of title, we should still be constrained to hold that the plaintiff, as an assignee, is not entitled to maintain this action. Thus construed, the covenant, if broken at all, was broken as soon as the deed containing it was delivered, and J. W. Blydenburgh, the grantor of the plaintiff, could have maintained an action for its breach. The law, however, is established and undoubted, that a broken covenant does not run with the land, since it is converted by the breach into a mere chose in action, which the law forbids to be assigned. (9 Coke, 60. Cro. James. 369. Greenly v. Wilcox, 2 John. R. 1. Ker v. Shaw, 13 id. 236. Witty v. Mumford, 5 Cow. 137. Mitchell v. Warner, 5 Conn. 497. Bartholomew v. Canche, 4 Pick. 167. Clark v. Swift, 3 Metcalf, 390. 4 Kent’s Com. 5 ed. p. 491, note (a) and cases there cited. Yide also, 4 Sand. S. C. Rep. p. 821.)
In the observations that have now been made, we have assumed, that the devise to Sarah Ann Morehouse, in the will of Elizabeth Wilmurt, created an estate tail, which by force of the Hew Jersey statute was converted into an estate for life in the mother, with the remainder in fee to her children. The Supreme Court of Hew Jersey, in the cases that were referred to on the argument, gave this construction to the devise, and we certainly incline to think that the construction is justified by the decisions in England, and the strict rules of the common law. The judgment, however, of the Supreme Court of Hew Jersey was reversed by the Court of Appeals, and upon examining the record, we are of opinion that the reversal could only have proceeded upon the ground that the plea of the defendants, which had been overruled, ought to have been sustained as a valid and full defence. We believe, therefore, that the Court of Appeals meant to decide that the construction which the court below had given to the will of E. Wilmurt was erroneous, and that by force of the devise, Mrs. Morehouse took not an estate tail, but a fee, determinable only by her death without issue then living. We do not deem it necessary, however, to place *198 our own decision upon this ground, since even upon the supposition that the remainder in fee is vested in the children of Mrs. Morehouse, the present action, for the reasons that have been given, is certainly not maintainable.
There is another objection to the plaintiff’s recovery which we deem it proper to state, although it was neither raised on the argument before us, nor seems to have been taken in the court below.
It is quite certain that an action for waste can only be maintained by those in whom the next immediate estate of inheritance, in remainder or reversion, is vested. It will not lie on behalf of the remainderman of reversioner in fee, where there is an intervening estate for life; in other words, where there are two or more successive estates for life, and the persons so entitled are still living. (Co. Litt. 536-54, and 4 Kent Com. 78.) It is true that in this state the Revised Statutes have given the remedy of an action of Waste or trespass to the remainderman or reversioner, notwithstanding there is an intervening estate for life or years (2 R. S. p. 750, § 8); but as there is no evidence of a similar statute in New Jersey, we are bound to presume that, in that state, the common law doctrine still prevails. Adopting then the plaintiff’s construction of the'devise to Mrs. Morehouse, the necessary effect of the New Jersey statute upon the devise, as the facts existed when the Cotheals acquired their title, was to create two successive estates for life—an estate in Mrs. Morehouse in her own right, and in her husband as tenant by the courtesy. Until her marriage, Mrs. More-house was the sole tenant for life, but after her marriage and the birth of a child, the husband became seized of the freehold for his own life,—and the life estate of the wife, as an estate in possession, was displaced and converted into a remainder. The children, therefore, are not entitled to the next immediate estate of inheritance to take effect in possession upon the death of their father, since there is an intervening estate for life in-the mother, which, so long as both parents are living, is a bar to any common law or statutory remedy for waste to which they might otherwise be entitled. There is no evidence that either of the parents has died, and we are therefore bound to assume that both were living not only when the alleged waste was *199 committed, but when the action founded upon it was commenced. The allegation, therefore, that the children have had or now have a right of entry, as resulting from the waste, would seem to be groundless.
We do not at present see that any satisfactory answer can be given to the objection that has now been stated, but as it is our invariable rule never to decide a cause upon a point not argued by the counsel, we do not make it a ground of our decision. We affirm the judgment at special term with costs, upon the ground that there is no proof of an actual eviction—therefore, ño proof that the covenant of warranty has been broken.