## NATHANIEL WILSON *versus* CHARLES WIDENHAM.

Where a grantor of real estate is in possession when the deed is delivered, there can be no breach of the covenant of seizin.

If, in the declaration in an action of covenant, the covenants are set out in full, but a breach of only one is alleged, an amendment, by adding a new count alleging the breach of another covenant, is allowable.

The covenant of warranty in a deed, given by one in possession of the estate, runs with the land, although the grantor has no title.

And one to whom the grantee has released all his title may maintain an action on such covenants, independently of chapter 82, section 16 of the Revised Statutes.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding.

COVENANT. The facts are stated in the opinion.

*Peters* and *Wilson*, for plaintiff.

*B. H. Mace*, for defendant.

The opinion of the Court was drawn up by

KENT, J. — The defendant gave a deed of certain premises to Jeremiah Colburn, which contained the usual covenants of warranty. Colburn conveyed the same premises by a naked release to the plaintiff. At the time of the conveyance to Colburn, the defendant had no legal title by deed, having before that time conveyed the premises to another person. But he was in possession of the land at the time he conveyed to Colburn. The plaintiff was evicted by the superior title, by judgment of the Court, after vouching in the defendant. The plaintiff now brings his action, based on the covenants in the deed from defendant to Colburn, as assignee of Colburn.

The first count in plaintiff's writ sets out the facts in detail, but the breach alleged is on the covenant of seizin. When the case was opened, the plaintiff moved for leave to add new counts, and the Judge presiding granted leave to

the plaintiff, subject to objection, to make such amendments as the Court *could* allow, against objection, subject to the opinion of the full Court to allow or reject the same. The new count filed under this leave is on the covenant of title and warranty against the claims of all other persons.

The question before us seems to be whether this amendment is one which the Judge could lawfully allow, in his discretion. The action is on the covenants in the deed, and the cause of action is found in one and the same deed. The original count sets forth facts which would authorize a recovery on the covenant of warranty, if such a breach had been therein alleged. We think it was within the legal power of the presiding Judge to allow the amendment, with or without terms. *Heath* v. *Whidden*, 24 Maine, 383; *Clark* v. *Swift*, 3 Met., 390.

Under this count the plaintiff may recover as on a covenant running with the land, and independently of the statute, (c. 82, § 16,) which now gives to an assignee a right to recover on the covenants of seizin or freedom from incumbrance, upon filing a release to his grantor. Formerly an assignee could not recover on such covenants, because they do not run with the land. But the covenant of general warranty has always been held to be thus attached to the land. *Slater* v. *Rawson*, 6 Met., 439; *Thayer* v. *Clemence*, 22 Pick., 494.

The action on this covenant may be maintained by an assignee, although the deed to him is simply a release. *Beddoe* v. *Wadsworth*, 21 Wend., 120. Or by a sheriff's deed of an equity of redemption. *White* v. *Whitney*, 3 Met., 81.

The covenant of seizin was not broken, for the case finds that the defendant was in possession when he gave his deed to Colburn, and had been for some time before. He also manifestly claimed a title by giving the deed. Possession and seizin, so far as a right to convey is in question, are now regarded as nearly synonymous. *Slater* v. *Ransom*, 6 Met., 439. The plaintiff and his grantor took possession under their deeds. It is not necessary that the grantor in posses-

sion should have had a legal title.   *Beddoe* v. *Wadsworth,* 21 Wend., 124.

The plaintiff shows an eviction by a better title, before the commencement of his suit.

It is not necessary to consider the questions raised by the neglect of the plaintiff to file a release to his immediate grantor.   This provision of the statute, as before stated, applies only to actions on " covenants of seizin or freedom from incumbrance," and not to those which run with the land.   The object of this statute is to give an assignee a right of action on the personal covenants, which before he did not have.   It leaves the common law in force as to covenants real, which run with the land.

According to the agreement of the parties, the *pro forma* nonsuit is to be taken off.        *Case to stand for trial.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.