NEW-YORK,
Nov \*:.'7.

Jackson, *ex. dem.* Caldwell, *against* Hallenback

Jackson
v.
Hallenback.

M. having
given a war-
ranty deed for
two lots of
land to C. and
afterwards, by
another war-
ranty deed,
conveyed
land adjoin-
ing to D. In
an action of
ejectment
brought by C.
against D. in
which the
question was,
whether the
south bounds
of the two lots
granted to C.
did not extend
so as to in-
clude the pre-
mises granted
to D. M. is
not a compe-
tent witness,
as to the
boundaries,
for he is inter-
ested to sup-
port D.'s ti-
tle.

THIS was an action of ejectment for land in *Oswego,* in the county of *Broome.* The cause was tried at the *Broome Circuit,* the 4th of *May,* 1807, before Mr. Justice *Tompkins.* Both parties claimed under warranty deeds from one *James M'Master,* who, it was admitted, had a good title. The plaintiff deduced his title from *M'Master,* under a deed from him to one *David M'Master,* for lots No. 9 and 10, dated the 22d *September,* 1794. Some years after, *James M'Master* executed a deed with the usual covenants, for the premises in question, to one *Brown,* from whom the defendant derived title. The question was, as to the boundaries of the two lots mentioned in the deed to *David M'Master.* If the southern boundary of them extended to the *Susquehannah* river, then they included the premises in question, otherwise not. The defendant called *James M'Master* as a witness to prove that the lots did not extend to the river, but were bounded south by the highway, or front street. He was objected to by the plaintiff's counsel, as an interested witness, but the objection being overruled by the judge, the jury found a verdict for the defendant. A motion for a new trial was made at the last term, on a case containing the above facts, which was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court.

*M'Master,* under whose warranty deeds both parties claimed the premises in question, was undoubtedly admitted as a witness, on the principle that he stood indifferent between them, and was equally liable to either, in case the one or the other prevailed in this action. If that had been his situation, the case of *Ilderton* v. *Atkinson\** would have justified his admission; but he was not in that situation, and his interest was undoubtedly in favour of the defendant who called him.

The question between the parties was whether the prior deed comprehended the premises in question or not.

*7 Term.480.

If it did, then the plaintiff had a right to recover. That the deed under which the defendant claimed, included the premises, was not questioned. If, then, M'Master could so locate the first deed as not to include the premises, he would avoid a responsibility on his warranty to the last grantee; and the first grantee could never, in consequence of such location, have any remedy against him, because he would have failed, not for the want of title in M'Master, the grantor, but as to the boundaries of the land granted. It is evident, therefore, that M'Master was interested in favour of the defendant; and as the verdict might be evidence against him, had the defendant failed, and as he was, by his evidence, exonerating himself from all responsibility, he was an incompetent witness without a release.* We are of opinion, therefore, that there ought to be a new trial, with costs to abide the event of the suit.

* 3 Term, 308.
4 Term, 589.

New trial granted.