Parsons, C. J.
This action comes before the Court upon excep *387 tians filed by the demandant, because the judge rejected one John Borland as a witness.
Borland, claiming to be seised of the land demanded, on the 1st day of January, 1776, by his deed of that date, conveyed it to the demandant, with a covenant that he had full power, good right, and lawful authority, to sell the land, and a further covenant of warranty against all persons claiming under him.
* Twambly brings this suit, counting on his own seisin, • [ * 442 J against Henley, who did not claim under Borland, and, to prove his title, offers Borland as a witness, who is excepted to, as being interested by reason of his covenants. The demandant insisted that he was not interested, because he could not be answerable on his warranty, the tenant not claiming under him, and that his covenant, that he had good right to sell the land to the demandant, was controlled by the covenant of special warranty. But the judge did not admit Borland.
The two covenants in the deed are perfectly consistent; the first amounting to a covenant that the lands should pass by the conveyance. And this covenant is not broken, if Borland was in fact seised, either by wrong, or by a defeasible title. The covenant of warranty cannot be broken but by an eviction, or ouster, by some title paramount to the grantor’s, and this latter covenant does not control the former one.
The witness was offered “ to prove the title ” of his grantee. From this general expression we must conclude that he was offered to prove the seisin of his grantee claiming under his deed. Now, what interest had Borland in the event of this suit ? If his covenant was broken, it must have been broken presently after it was made. And whether it was or was not broken, cannot depend on the event of this suit; neither is the verdict in this cause evidence in an action brought against him by his grantee, for the breach of this covenant. If the demandant recover, still, if Borland had no right to convey, he is answerable to the demandant in an action of covenant broken, and cannot defend himself by this verdict. If the demand-ant fail, and he sue the witness for the breach of this covenant, the plaintiff cannot give this verdict in evidence to maintain his action.
That the witness will testify under a strong bias, may be admitted, and of this the jury will consider; but not under a stronger bias than he would if he had conveyed without covenants. And, in the case of Busby vs. Greenslate, (1) the person who had sold the inheritance, without any covenant, for good title or warranty, was allowed to be a witness * to prove the title of [ * 443 ] *388 the vendee. In the case at bar, there is no covenant that the grantee shah have a good title, nor any warranty against the tenant. The witness ought to have been admitted, and his credit left with the jury.

New trial granted.

 1 Str. 445.