CUSHMAN *v.* BLANCHARD & ALS.

Where one conveyed lands in fee with general warranty, and a stranger at the same time was seised in fact of part of the same land by an elder and better title, the entry of the grantee under his deed gives him seisin only of that part of which his grantor was seised;—but as to the stranger, the entry of the grantee is a mere trespass.

If, in such case, the stranger sue the grantee in trespass, and recover damages and costs against him, yet the grantee can only recover of his grantor the proportion of the consideration-money and interest;—the damages and costs being recoverable only when incurred in defending the seisin which a grantee actually gained by conveyance from one who was seised in fact.

THIS was an action of covenant, brought upon all the covenants in a deed of lands, with general warranty, made by the defendants to the plaintiff; and came before this Court by appeal from the judgment of the Court of Common Pleas, rendered upon a case stated by the parties.

It appeared that at the time of the conveyance to the plaintiff, one *Paine* was seised and possessed in fact, by an elder and better title, of six acres, being part of the land described in the deed;—that the plaintiff " entered into possession of the " land under said deed", by direction of the defendants, the same being surveyed and run out to him by them;—that *Paine* immediately commenced an action of trespass against the plaintiff's servants for cutting trees and removing the fence on the part claimed and possessed by him, and recovered damages and a large sum in costs against them;—that they justified under the plaintiff's title; that the plaintiff notified the defendants of the pendency of that action, requesting them to assume its defence; and that he paid and satisfied the judgment therein, and sustained the expense of defending it.

Upon these facts the Court below rendered judgment for the plaintiff for that portion of the consideration-money, which the land of which the grantors were not seised in fee amounted to, on the ground that if he entered on that portion of the land, he was instantly evicted by *Paine*, and that his subsequent trespass and defence was his own act, for which the defendants were not responsible.

Cushman *v.* Blanchard & als.

*Emery*, for the plaintiff, maintained that as between *these* parties an entry must be considered as made by the defendants at the time of their survey and conveyance to him;—that of course the plaintiff was seised at the time of the conveyance, and lost part of the land by the judgment in trespass;—and that the defendants having been notified to defend that suit, ought now to pay him, not only the value of the land at the time he thus lost it, but the costs and expenses of the suit, incurred in attempting to retain what the defendants had covenanted that they held in fee, and had good right to convey, and would warrant and defend to him. The plaintiff had a right to believe the representations made by the defendants, and to consider their deed as declaring the truth. If it was false, justice requires that they alone should bear the consequences. *Sumner v. Williams*, 8 *Mass.* 162. *Domat, p.* 79. 2 *Saund.* 181. *Hamilton v. Cutts*, 4 *Mass.* 349. *Gore v. Brazier*, 3 *Mass.* 523. 4 *Maule & Selw.* 53. *Morris v. Phillips*, 5 *Johns.* 59.

*Mitchell*, for the defendants, contended that as *Paine* was in the quiet and exclusive possession of part of the land at the time of the conveyance, that part did not pass by the deed; and the covenants, as to this portion, were broken as soon as made, and the plaintiff's right of action accrued *instanter*. His entry on that part gave him no right of possession, and his subsequent litigation with *Paine* was therefore at his own peril. *Bickford v. Page*, 2 *Mass.* 455. *Marston v. Hobbs*, *ib.* 433. *Caswell v. Wendall*, 4 *Mass.* 108. *Twombly v. Henly*, 4 *Mass.* 441. *Nichols v. Walker*, 8 *Mass.* 243. *Harris v. Newhall*, *ib.* 262. *Leland v. Stone*, 10 *Mass.* 459. *Hathorne v. Haines*, 1 *Greenl.* 238.

MELLEN, C. J. delivered the opinion of the Court.

This case comes before us by appeal from the judgment of the Court below on an agreed statement of facts. The counsel for *Cushman* the appellant complains of the judgment, as having been rendered for too small a sum. He contends that damages should have been given for the value of the lands, which he was unable to hold by the deed, at the time when the

action of trespass mentioned in the statement was decided against him ; and also for the amount of the expenses incurred by him in the defence of that action. We will consider each of these objections.

In *Massachusetts* it is settled by numerous decisions, which have been cited in the argument, that when the covenant of seisin and good right to convey is broken, and nothing passes by the deed declared on, the rule of damages is the amount of the consideration paid, and interest from the time of payment to the time of entering up judgment. And when the grantor was seised in fact at the time of the conveyance, and the grantee enters under the deed, and also becomes seised in fact, but is afterwards evicted, or fairly yields up the possession to him who has a better and paramount title ; in such case, the rule of damages is the value of the lands at the time of eviction, or what is deemed equal to it, and interest thereon from such time, to the entering up of judgment, and the expenses of defending the suit by which he was evicted. These are the damages when the covenant to warrant and defend has been broken.

In this State, we consider the same principles to be established. In almost all cases that occur, if the covenant of seisin and right to convey, which are synonymous, is broken, the covenant to warrant and defend is not broken ; for this plain reason, that if a man gains no sort of estate by the conveyance, he can lose none by eviction, or in any other manner. On the contrary, if the grantor was seised in fact, though not of an indefeasible estate, and the grantee enters under his deed, then the covenant of seisin is not broken ; but the grantee may be evicted by elder and better title, and then the covenant to warrant and defend is broken, and no other.

Let us now examine the facts in the case before us and thereby ascertain which of the covenants in the deed of the defendants has been broken.

The lands, for the loss of which the plaintiff is seeking damages are only part of the large tract conveyed by the defendants' deed. But at the time the deed was executed, *Thomas Paine* was seised of this part in fee, by elder and better title, and in actual possession. Now as to this part, according to legal principles which are perfectly at rest, no estate whatever,

not even a right of entry passed by this deed to the plaintiff; though as to the residue of the lands described in the deed, it operated as an effectual conveyance.

Here then the covenant of seisin and right to convey was instantly broken. To this point many of the cases cited by the defendants' counsel are direct authorities. And on this principle the estimate of damages as to the value of the land was perfectly correct, being the consideration paid and interest.

But it is further contended, that the plaintiff entered into possession of the land under the deed. As to a part, such entry was legal; but he also by the defendants' direction entered into the possession of the disputed part, of which *Paine* was seised in fee, and in possession at the time of the conveyance. He had not a shadow of right to enter into possession of such part, and the defendants' direction could not certainly give him any. His entry then was a mere trespass on the rights and property of *Paine*, for which he rightfully recovered judgment against the plaintiff's servants. The question now is presented, why should the defendants be compelled to pay the expenses incurred in defending an action brought against the plaintiff's servants for his own wrong? This item in damages is only recoverable when incurred in defending the seisin, which a grantee has gained by a conveyance from a man who was seised in fact. A person thus seised in fact may lawfully convey; and such a seisin supports the covenant of seisin. *Gerrish v. Bearce*, 11 *Mass.* 193. *Marston v. Hobbs*, 2 *Mass.* 433. *Twombly v. Henly*, 4 *Mass.* 441. *Prescott v. Freeman*, ib. 627. A grantee entering lawfully under such a conveyance from one covenanting that he will warrant and defend the lands to him, is, on the principles of good faith and substantial justice, entitled to be indemnified for his expenses in defending the defeasible title which had been conveyed to him. Upon consideration of the facts in this case, and the established principles of law applicable to them, we cannot entertain any doubt as to the correctness of the judgment of the Court of Common Pleas;—and accordingly the

*Judgment is affirmed.*