## Harris vs. Fletcher.

A grantor who has conveyed with warranty is admissible as a witness to support the title of his grantee, in an action where the title set up by the other party is not adverse to that which he has conveyed. But he is not admissible where the validity of the title which he has thus conveyed is in controversy.

WRIT OF ENTRY, to recover a tract of land in Nashua. Plea, the general issue.

The defendant, to maintain his title, offered Joseph Hills, his grantor, as a witness, who was objected to, as incompetent, on the ground that he was liable to the defendant on the covenants contained in his deed, if the action should be sustained.

It appeared that both parties derived title from one Lovell, to lands which lay adjoining; and the controversy was respecting the true line between them. Hills, the grantor of the defendant, had conveyed by metes and bounds, embracing the land demanded, with a covenant of warranty. The court rejected his evidence. The jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Abbot & Fox*, and *Farley*, for the defendant, cited 1 *Phil. Ev.* 222; 2 *Mass. R.* 470, *Cook* vs. *Allen;* 4 *Burr.* 2251, *Abrahams* vs. *Bunn;* 3 *D. & E.* 27, *Bent* vs. *Baker;* 7 *D. & E.* 60, *Smith* vs. *Prager;* 1 *Mass R.* 93, *Revere* vs. *Leonard;* 3 *Stark. Ev.* 1728; 2 *Johns. R.* 394, *Jackson* vs. *Hallenback;* 3 *Green. R.* 461, *Howard* vs. *Chadbourne;* 2 *N. H. R.* 427, *Leighton* vs. *Perkins;* 4 *Mass. R.* 441, *Twambley* vs. *Henley;* 16 *Pick. R.* 56, *Burrage* vs. *Smith;* 11 *Mass. R.* 242, *Phillips* vs. *Bridge.*

*Atherton & Clark*, for the plaintiff.

PARKER, C. J. There may be cases where a grantor, with warranty, is a competent witness for his grantee, to sustain his title. There is nothing in the policy of the law to ex-

Harris *v.* Fletcher.

clude him, if he has no interest. 1 *Strange's R.* 445, *Busby* vs. *Greenslate ;* 4 *Mass. R.* 441, *Twambley* vs. *Henley ;* 4 *Conn. R.* 482, *Giddings* vs. *Canfield ;* 1 *Cowen's R.* 613, *Jackson* vs. *Hubble ;* 6 *Binney's R.* 500, *Lessee of Sweitzer* vs. *Meese ;* 5 *Green. R.* 15, *Howard* vs. *Chadbourne ; Ditto* 450, *Lothrop* vs. *Muzzy.* And where the title set up by the other party is not adverse to that conveyed by the witness, but arises subsequent to the time of his conveyance, he has no interest in the event of the suit. If, for instance, the title set up by the plaintiff, in this case, had been under a sale for taxes, assessed subsequent to the time when Hills made the deed under which the defendant claims, Hills would have had nothing to gain by the event of the suit, nor could he have been subjected to loss. The verdict and judgment could not have been given in evidence in a suit to charge him on his covenant, because not founded on any right inconsistent with the title warranted in his deed.

But in the present case the claim of the plaintiff was in direct conflict with the title the witness had conveyed, or attempted to convey, to the defendant. Both parties derived their title from Lovell. Hills had conveyed to the tenant, by metes and bounds, and covenanted to warrant. The question was, in effect, whether he had not conveyed beyond the line to which he had a valid title, and he was an incompetent witness to support the title he had thus warranted. 2 *Johns. R.* 394, *Jackson* vs. *Hallenback ;* 6 *Johns. R.* 523, 538, *Swift* vs. *Dean ;* 3 *Wendell* 180, *Jackson* vs. *Rice ;* 6 *Green. R.* 416, *Hale* vs. *Smith ;* 4. *Esp. R.* 164, *Smith* vs. *Chambers ;* 3 *Stark. Ev.* 1646 ; 6 *Johns. R.* 5, *Heermance* vs. *Vernoy.*

He had either a direct interest in the suit ; or an interest in the record, which might be used, to some extent, against him in an action on his covenant of warranty. It is somewhat questionable to which class the interest in this case belongs, but the consideration of that matter may be waived.

*Judgment on the verdict.*