## Case No. 13,282.

STALKER v. The HENRY KNEELAND.

[3 Betts, D. C. MS. 26.]

District Court, S. D. New York. 1842.

CHARTER PARTY—WHAT CONSTITUTES—PAROL EVIDENCE OF CONSIDERATION — MORTGAGEE CONSIDERED AS OWNER—SUBROGATION—COMPETENCY OF WITNESSES.

[1. The cardinal elements of a valid charter party are a definite voyage to be performed and a definite compensation to be paid by the charterer.]

[2. An agreement which exhibits on its face no other object than to assign to one of the parties all the freight earned by a vessel up to certain specified sums, and one-half of all above them, may be a sufficient contract of hypothecation or mortgage, but is not a charter party, with the privilege of a lien. It is only a personal covenant, and to be enforced as such.]

[3. Where a written agreement purports to be a charter party, but does not embody the elements necessary in law to make a charter party, and is also loose and informal in character, it is competent to show, by parol evidence, that the consideration for the agreement was collateral to it, and consisted in an advance of money.]

[4. The owner of a ship, who has pledged her to two different parties to secure debts due each of them from him, stands indifferent in point of interest as between them, and is a competent witness in a suit involving their respective claims upon the vessel.]

[5. The policy of the law is to regard the legal title to a vessel as the controlling one, for the purpose of protecting all who give credit to

her owners or, have remedies against them. Therefore, very slight acts of possession by the mortgagee will be considered as placing him in that position, and subjecting him to those liabilities. But, to charge him personally, there must be some unequivocal act of possession.]

[6. Where a person lends securities for the general use of a ship owner, who gets them discounted and applies part of the proceeds in satisfaction of a bottomry upon the ship, this raises no equity in behalf of the lender to be subrogated to the lien of a bottomry creditor.]

[This was a libel for breach of charter party by Thomas Stalker against the ship Henry Kneeland,—Miln and others, claimants.]

Before BETTS, District Judge. I. The agreement articled upon record by itself does not constitute a charter party.

(1) Cardinal elements to that contract are a definite voyage to be performed and a definite compensation to be paid by the charterer. The Tribune [Case No. 14,171]; Abb. Shipp. 166, 167; Holt, Shipp. pt. 36, c. 1, § 5.

(2) The written stipulations, which must control, have no coincidence with the printed articles, and cover plainly some special contract in which the parties are mutually interested, and not a letting of the ship for hire.

(a) The agreement reserved nothing certain for the ship.

(1) The charterer engages "to furnish the vessel all the cargo the ship may obtain." This does not bind him to lade the ship or supply her any cargo, and is, indeed, senseless as a stipulation.

(2) The charterer engages to pay "all the freight the ship makes over $2,000 from Gibraltar or $3,000 from Mediterranean ports, to be equally divided between him and the owner; i. e. unless the ship makes those sums the owner receives only half her freight.

(3) There is no stipulation by the charterer to load the vessel, or bear any losses, if she fails proving a cargo. The agreement upon its face exhibits no other object than to assign to the libelant all the freight earned by the vessel up to the limited sums, and one-half of all above. This may be a sufficient contract of hypothecation or mortgage, but is no charter party with the privilege of lien. It is only a personal covenant and to be enforced as such. Abb. Shipp. 170.

II. The libel avers that the consideration was collateral to the agreement, and that the libelant advanced $3,000 to the owner, for the uses of the vessel, which sum was to be secured and reimbursed him under the stipulations of the contract.

(a) I see no objection to proofs in support of the contract, aliunde the written agreement. Those papers are usually loose and informal. They fix outlines of argument, and intermediary matters, to sustain and give them life, may be established extraneously. So is case of The Tribune [supra].

(b) Libelant may therefore prove he advanced the consideration for charter at time it was executed, and that reserved freights were to cover such advance.

(c) But, can Robertson, the owner, be a witness to make such proof? He has no interest which will be fixed or directly affected by the event of the suit. If the contract in question operates in rem it binds the ship, as to him, for the repayment of the $4,275.31 advanced under it by libelant, and the ship was previously bound by mortgage to claimants for $2,000. He admits obligation of both hypothecations, and is he incompetent to give evidence which may secure the libelant priority over the claimants? If his evidence, by attaching the libelant's demand to the ship, exonerated him personally, he would not stand neutral between the two parties; for the benefit to him would be according to the relative magnitude of the demands, and it would be more to his interest to have the greater satisfied than the less. So are the cases, for they exclude a witness where there is not an equipoise of interest in the opposing ones, being unequal in degree. 4 Starkie, Ev. 751, 752; 1 Phil. Ev. 54; 2 Johns. 394; 16 Johns. 94, 95; Greenl. Ev. p. 264, § 420. Robertson, then, as a party who has pledged the ship to the libelant and claimants, to secure debts due each from him, is indifferent in point of interest, and a competent witness between them. The difference in the magnitude of the debt does not affect his competency, for he is absolutely bound to each for so much of the debt as is not satisfied by the ship. If, then, the libelant holds the ship, and her value is exhausted in paying the $4,000, the witness is personally liable to claimants for his $2,000; and if the claimants retain the ship for satisfaction of their $2,000, the witness is liable to the libelant for so much of his debt as remains unpaid. This doctrine is plain, if both parties are mortgagees or holders by hypothecation. Nor is it varied in principle, if this be a charter party, which displaces the mortgagee; for a grantor can, by his testimony, establish a conveyance which divests the rights of a prior grantee or alienee, when he does not discharge his own liability to such alienee. Cases above cited.

III. Robertson was, at the time the contract was entered into with libelant, owner of the ship in possession and documentary. The policy of the law is to regard the legal title as the controlling one, for protection of all giving credit to owners, or having remedies against them; and therefore will consider very slight acts of possession by a mortgagee as placing him in such position and under such liability. But there must be some unequivocal act of possession by the mortgagee to charge him personally, and, e converso, to give the advantage of occupancy. No such plain and direct act is proved anterior to the letter of instructions to the master of November 11, when claim-

ant assumed the positive and full control of the vessel. In the interim the claimant could have no higher right or interest in respect to the ship than that of mortgagee out of possession. The interest of the libelant is of no higher character. He is chargeable with notice of the paper title to the ship, for that would be first looked to, at her home port, in taking a security on her, and, accordingly, his claim cannot supersede the claimants', unless intrinsically of a higher quality. Upon all the testimony, I am satisfied his claim was a mere loan of negotiable paper, and the special agreement, under the name of charter party, was framed to secure the loan. This, not having the proper attributes of a charter party, can operate only as an hypothecation or mortgage posterior in time and effect to that of the claimants.

IV. The libelant does not entitle himself to the advantage of the previous bottomry bond. He did not discharge it directly, nor did he advance money for that specific purpose. He loaned securities for the general use of the owner, who got the securities discounted, and applied part of the proceeds in satisfaction of the bottomry. This raises no equity in behalf of the libelant to be subrogated in place of the bottomry creditor.

V. The libelant may be entitled to all the residuary interest of the owner in the vessel after satisfaction of the claimants' mortgage, but this court cannot state an account with the mortgagee, or between the parties or decree relief on that equity. This libel must accordingly be dismissed, with costs.