## PRESCOTT *v.* HAWKINS & *a.*

A grantor with warranty, is a competent witness, in an action in which the title set up by the other party, is not in conflict with that which he has conveyed, and is called to sustain.

Accordingly, where L. conveyed a tract of land to P. by metes and bounds, with warranty, and subsequently conveyed a tract of land to H., which was bounded southerly upon the northerly line of the tract first conveyed, of which two tracts of land, at the time of conveyances, L. was the admitted owner; it was *held*, that L. was a competent witness to give evidence in favor of the grantee of P., against the grantees of H., to establish the location of the northerly line of the tract conveyed to P.

TRESPASS, *quare clausum.* The parties both claimed to own the land where the alleged trespass was committed. Both derived their title by warrantee deed from Judge Arthur Livermore; the plaintiff from her ancestor, Nathaniel C. Prescott, who was the grantee of said Livermore; and the defendants from one Hackett, who was also a grantee of Livermore.

It appeared that the Hackett land was bounded by the Prescott land, and the decision of the case depended upon the location of the Prescott land.

It was not controverted that the plaintiff owned the land described in the deed to Prescott, and that the defendants owned all the land described in the deed to Hackett.

In the investigation of the case, it became material to settle where one of the corners of the Prescott land was, and Livermore was permitted to give evidence tending to fix the corner where the plaintiff claimed it was. He was objected to as a witness, on the ground, that being the warrantor of Nathaniel C. Prescott, he was incompetent to testify for the purposes for which he was introduced. It did not appear that Livermore could be interested in establishing either the one corner or the other, or in any way interested in the event of the suit, unless in consequence of his being the warrantor of Prescott. The contents of the deeds to Prescott and Hackett, upon which the question in this case arises, sufficiently appear in the opinion of the court.

A verdict having been returned for the plaintiff, the defendants moved to set the same aside, and for a new trial, for supposed error in the ruling aforesaid.

*Livermore* and *Quincy*, for the plaintiff.

*Lyford*, for the defendants.

WOODS, J.[*] It is not necessary to decide what would have been the result in this case, if the character of the defendants' title had not appeared, and upon the mere production of Judge Livermore's deed to the plaintiff's grantor, he had been offered as a witness on behalf of the plaintiff, his right and title to the land alone being in controversy.

The defendants' title also is before the Court, upon the case stated for decision. And it is conceded that the title of Livermore to the land in question was perfect at the date of his con-

---

[*] PERLEY, J., having been of counsel, did not sit.

veyance to the plaintiff's grantor, and that whatever land was embraced in the description of the deed, passed, and has since vested in the plaintiff. And it is not questioned, that at the date of his deed to Hackett, the grantor of the defendants, Livermore was the lawful owner, and well seised and possessed of the tract of land conveyed to Hackett.

And there is not, and cannot, be any conflict of the titles or rights conveyed, from the very nature of the conveyances themselves. The question was, and is, simply, where is the true northerly line of the land conveyed to Prescott; for that determined the southerly boundary of the tract conveyed to Hackett, the northerly line of the one tract being made, by the deed, the southerly line of the other. Here, then, was no question respecting the validity of the title of Judge Livermore in either of the tracts of land, at the date of the several conveyances, but only a question of the boundary as described in Prescott's deed; a question as to the actual locality of the northerly line of that tract.

It is true, that the witness was introduced directly and immediately, to prove and establish Prescott's south-west corner; but it was only for the purpose of thereby ascertaining and determining the actual, or rather the true location of the northerly line of the tract conveyed to him.

Whichever of the corners was established as the true corner referred to in the deed, whether that claimed by the plaintiff, or that claimed by the defendants, it is not questioned that the title to the land described in the deed was in Judge Livermore, and well passed to Prescott in virtue of said deed.

It results, then, as we think, that, whether the plaintiff, or the defendants shall prevail in this controversy, the covenants in each of the deeds of the witness will be kept, as well those contained in his deed to Prescott, as those in the deed to Hackett. *Jackson* v. *Hallenback*, 2 Johns. 394, cited by the defendants' counsel in support of his objection to the competency and admissibility of Judge Livermore as a witness, presents a case, as we regard it, very dissimilar to the one under consideration. It is true, that, in that case, as in this, both parties claimed the

lands under deeds of warranty, from the same individual, having originally a good title to the land in question. The plaintiff derived and claimed title from James McMaster, under a deed from him to one David McMaster, of lots No. 9 and 10, dated the 22d day of September, 1794. Several years after that date, James McMaster executed a deed of the premises there in question, with the usual covenants, to one Brown, from whom the defendant claimed title. The question made was, as to the boundaries of the two lots mentioned in the deed to David Mc-Master.

If the southern boundary of those lots extended to the Susquehannah River, then they included the premises in question; otherwise they did not. James McMaster was called as a witness by the defendant, to prove that the lots did not extend to the river, but were bounded south by the highway, or Front Street. The witness was objected to by the plaintiff, as being an interested witness. It was decided that McMaster was interested.

It was not denied that the deed under which the defendant claimed in that case, included the premises in question. If, then, McMaster could so locate the boundaries of the land conveyed by his first deed, as not to include the premises in controversy, he would avoid all responsibility on the covenants in his deed to his subsequent grantee, and the first grantee could never, in consequence of such location, have any remedy against him; because he would have failed to maintain his action, for the recovery of the land, not for want of title in McMaster, the grantor, but for the reason, that the boundaries of the land granted to him, did not, in point of fact, embrace the land in controversy; so that McMaster was interested to give evidence in favor of the defendant who called him; for the verdict and judgment might have been used as evidence against him, had the defendant failed in the action, and, by his evidence, he was exonerating himself from all responsibility, and was for that reason interested, and an incompetent witness.

The case of *Twambley* v. *Henley*, 4 Mass. 441, also cited by the defendants' counsel, decided only that the grantor of lands, who covenanted in his deed that he had good right and lawful

authority to sell the land, and that he would warrant the premises against all persons claiming the same under the grantor, is a competent witness for his grantee, in an action brought by him for the land against one who does not claim to hold under the same grantor. It was there decided, that it was indifferent to the witness which party prevailed; that he could not be liable by reason of his covenant of warranty, for the defendant did not claim by any title deduced from the witness; that the witness could not be liable by reason of the other covenants, for the reason that, if broken, they were broken at the delivery of the deed, and that the judgment and verdict in the case could not be used as evidence, either for or against the witness, in an action against him upon his covenants.

We think that case is very far from sustaining the ground for which it was cited. In fact, we think it may well be cited to show, that the witness in this case was a competent witness, on the ground that he was disinterested, and, notwithstanding his covenants, stood indifferent between the parties. It decides, that a grantor, who is not interested in the event of the suit, and who cannot be affected by the verdict and judgment rendered in the cause, is a competent witness, notwithstanding he may be called to maintain the title of his grantee.

So, also, the case of *Jackson* v. *Hallenback*, distinctly recognizes the principle, that in a case when the grantor stands indifferent between the parties, as where his interest is equally balanced, he is a competent witness for his grantee. And that is a principle, at the present day, of very general, if not of universal application. *Ilderton* v. *Atkinson*, 7 Term Rep. 480.

It is quite clear, that there is nothing in the policy of the law precluding the introduction of a grantor with warranty, as a witness for his grantee, for the reason alone, that he is such grantor. The books fully sustain this view. *Twambley* v. *Henley*, 4 Mass. 441; *Jackson* v. *Hubble*, 1 Cowen, 613; *Howard* v. *Chadbourne*, 5 Greenl. 15; *Lothrop* v. *Muzzy*, 5 Ib. 450; *Busby* v. *Greenslate*, 1 Strange, 445.

On the whole, we are clearly of opinion, that the witness was properly admitted to testify.

The title here set up by the defendants, under their deed, cannot be regarded as adverse to, or in conflict with that of the plaintiff, upon the facts and concessions found by the case. The title of the defendants is in subserviency, as it were, to that of the plaintiff. The grantor, owning all the land, granted a tract of land by metes and bounds, and then granted another tract to the defendants' grantor, bounded upon the tract first granted. The deed of neither party, then, can, in any manner, be holden to include the land granted in the deed of the other; and so, in reality, here is no conflict of titles, but only a question of boundary; and that, too, in a case where the boundary of the tract first granted, forms also the admitted boundary of the tract subsequently granted. And so, if in the present case, the verdict and judgment were in favor of the defendants, they would not be founded on any right, inconsistent with the title guaranteed in the deed of the witness to the plaintiff, and could not be given in evidence, in a suit to charge him on his covenants. *Harris* v. *Fletcher*, 10 N. H. Rep. 20. And for a like reason, the same could not be given in evidence in his favor, in such an action, if the verdict and judgment were in favor of the plaintiff.

The opinion of the Court therefore is, that the ruling of the Court before was correct, and that there should be

*Judgment on the verdict.*