## ARNOLD ET AL. VS. McNEILL.

Where a bill of sale of personal property, expressed to be for a money consideration, contains a special warranty of title, warranting and defending against all claims in, through or by the vendor, he is an incompetent witness, on account of his interest in the result, to sustain the title of his vendee, in a suit between him and others also claiming under the vendor.

The magnitude or degree of interest, nor the probability of the warranty being enforced, nor any supposed prejudice or bias on the mind of the vendor, is regarded in estimating the effect of the interest upon his mind; he is incompetent if his interest be direct, certain and vested, however small.

Where a person has executed a deed of trust, making a gift of property, but reciting, among others, a money consideration, and then executes a bill of sale with special warranty, he is not a competent witness to defeat the title under the deed of gift, in favor of the bill of sale, upon the principle that his interest is balanced.

The rule in England, that no party who has signed a deed, shall ever be permitted to give testimony to invalidate the instrument which he has so signed, has been overturned there, and our decisions favor the competency of the witness.

*Appeal from the Circuit Court of Dallas County.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

WATKINS & GALLAGHER, for the appellants. The court erred in overruling the objections to the introduction of the deposition of Samuel Burke, because the deposition itself showed that Burke was incompetent as a witness. *Greenlf. Ev.*, secs. 390, 393, 395; and because a party cannot be introduced to impeach any instrument executed by him, or deny that he has any title in the property. *Greenl. on Ev.*, page 30, sec. 24; *Randal vs. Phillips*, 3 *Mason* 378.

YELL & CARLTON, for appellee. We admit the general principle of law, that the warrantor of title to property, which is in controversy, is, generally, incompetent as a witness for his ven-

dee, in an action concerning the title, if the effect of the judgment is certainly to render him liable; but if it is only to render it more or less probable that he will be prosecuted, the objection goes only to his credibility. See 1 *Greenl., page* 505. And in this case it would be most improbable that McNeill would ever attempt to enforce the warranty. (*Martin vs. Kelly*, 1 *Stew. Ala. Rep.* 188.)

It is a familiar rule of law, that where the witness, though interested in the event of the cause, is so situated that the event is to him a matter of indifference, he is still a competent witness. In a pecuniary consideration alone, it seems to us the witness is doubly interested, on the side of the plaintiffs, if it is to be determined from the bill of sale, and deed of trust. But take the evidence of Glover, and no state of case could present stronger and greater pecuniary and parental considerations, than the one here presented, on the part of Sam. Burke for the plaintiffs in this suit. In elucidation of the principles above set forth, we refer your honors to 1 *Greenl.* 527; *Starkweather vs. Matthews*, 2 *Hill* 131; *Roberts vs. Whiting*, 16 *Mass ; Rice vs. Austin*, 17 *Mass.* 197 ; *Prince vs. Shepherd*, 9 *Pick.* 176.

It will be found also upon examination of authorities, that the interest, that now disqualifies a witness, is an interest in the *event* of the suit, and not in the *question* involved. *Kinnie's Law Compendium* 348; *Pattingil vs. Broom*, 1 *Caine's Rep.* 171; *Baker vs. Arnold,* 1 b. 276; *The People vs. Harrell*, 4 *Johns. Rep.* 302; *Stewart vs. Kip*, 5 *Johns. Rep.* 255; *Fairchild vs. Beach*, 1 *Bay* 266; *Buckley vs. Storer*, 2 *Day* 521; *Wakley vs. Hart et al.*, 6 *Binney* 316; *Farrell vs. Perry*, 1 *Hayw.* 2; *Porter vs. McClure, Ib.* 360; *Baring vs. Reeder*, 1 *Hen. & Munf.* 165, 168; *Miles vs. O'Hara*, 1 *Serg. & Rawle Rep.* 32, 36; *Phillips vs. Winchel*, 1 *Day* 570.

It will also be found that a grantor in a deed, is a good witness to invalidate it. *Knight vs. Packard*, 3 *McCord Rep.* 71; *McFerrer et al. vs. Powers et al.*, 1 *Serg. & R.* 102; *Boerring ass. of Cutting vs. Shipping*, 2 *Binn. Rep.* 165; *Simons vs. Parkins*, 1 *Bailey & Car. Rep.* 62.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of replevin, in the detinet, brought by Rufus E. Arnold, and wife Mildred M. and by Arnold, as guardian of Joel, Samuel, and Malcom McNeill Burke, minors, in the Dallas Circuit Court, against Hector McNeill, for the recovery of a girl slave named *Louisa.* The writ was executed upon defendant, but returned not found as to the slave. The defendant pleaded *non detinet,* property in himself, and the statute of limitations, and issues were made up to the pleas. Afterwards, the death of Mrs. Arnold was suggested, the cause ordered to abate as to her, and to progress in the names of the other plaintiffs. The issues were submitted to the jury at the September term, 1855, and verdict and judgment for the defendant. The plaintiffs did not move for a new trial, but excepted to several decisions of the court made pending the trial, and set out the evidence in their bill of exceptions in order that the points reserved might be understood.

*Louisa,* was the daughter of *Lizzy,* and one of the same family of negroes in controversy in the case of *McNeill vs. Arnold et al.* The evidence relied upon by the respective parties, to show title to the property, was substantially the same in the case now before us, as in the one already decided, and need not be stated again. The plaintiffs claimed under the deed of trust purporting to have been executed by Samuel Burke to Nathaniel Glover, conveying a separate property in the slaves, to the use of Lucy Ann Burke, the wife of Virgil J. Burke, for life, &c., remainder to her children, the plaintiffs (except Arnold) being her children. The defendant claimed the slave under a purchase from Virgil J. Burke, &c.

The court permitted the plaintiffs to read in evidence the deed of trust, with the certificates attached, upon parol proof of the registry acts of Mississippi. This was an error in their favor; and, of course, they do not complain of it here.

*Glover* testified, about the same that he did in the other case,

stating in addition, that he had lost the letter written to him by Samuel Burke, making him an agent to purchase the slave, &c.

The defendant offered to read in evidence the following deposition of Samuel Burke:

*Interrogatory 1st.* " Are you acquainted with the parties to this suit?

*Answer.* I am acquainted with Mr. Hector McNeill, and have seen the children, except the youngest. I am not acquainted with Mr. Arnold.

*Interrogatory 2d.* Examine the exhibit marked A, and state whether it is, or not a bill of sale executed by you to Hector McNeill, of Dallas county, Arkansas?

*Answer.* Exhibit marked A, is a quit claim bill of sale made by me to Hector McNeill.

*Interrogatory 3d.* Examine exhibit B, hereto annexed, purporting to be a copy of a deed of trust executed by you to Nathaniel Glover as trustee for the use of Lucy Ann Burke and her children, purporting to bear date on the 15th day of March, 1841, and state whether or not you ever executed any deed of trust for any negroes to Nathaniel Glover for the use of Lucy Ann Burke, and if so, state when and where?

*Answer.* I have no recollection of making any deed of trust for negroes, or any other purpose, to Nathaniel Glover.

*Interrogatory 4th.* State whether or not you ever sent a $1000 to Nathaniel Glover in the State of Mississippi, and requested him by letter, or otherwise, to buy negroes with it, for you, about the year 1841, or any other time?

*Answer.* I have no recollection of it.

*Interrogatory 5th.* State whether or not, you ever paid any amount of money for the girl Lizzy, referred to in exhibits A and B. If so, to whom, and what amount.

*Answer.* I never paid any to my recollection.

*Interrogatory 6th.* State whether or not, you ever had the girl Lizzy, in your possession? Or had any right to her? Or ever knew you had a right, except from what Virgil J. Burke told you?

*Answer.* I never had any right to her, nor had her in my possession.

*Interrogatory 7th.* State whether or not, you ever wrote Nathaniel Glover a letter, requesting him to buy negroes for you?

*Answer.* I have no recollection of it.

*Interrogatory 8th.* State whether or not, you were in Noxube county, Mississippi, in March, 1841?

*Answer,* I have been in Noxube county, but don't recollect the date.

*Interrogatory 9th.* Are you or not, satisfied in your recollection as to whether you executed a deed of trust, or any other writing to Nathaniel Glover, while in Noxube county, or did you see him while there?

*Answer.* I have no recollection of seeing him while there, nor of executing any writing to Nathaniel Glover while there, or any other time."

Exhibit A, referred to in the deposition, is as follows:

" Know all men by these presents, that I, Samuel Burke, of the county of Christian, and State of Kentucky, for, and in consideration of the sum of *five dollars* to him in hand paid, the receipt of which is hereby acknowledged, *does* this day bargain, sell and convey unto Hector McNeill, of the county of Dallas, and State of Arkansas, all the right, title and interest he has, or may have, to the following described negroes: *i. e.*, woman Lizzy, about thirty three years of age; with her daughters, say *Louisa*, about eleven or twelve years old; *Aga*, about eight years old; *Eliza*, about six years old; *Phœbe*, about four years old; and *Ann*, about two years old; the said negroes, the said Hector McNeill purchased of Virgil J. Burke, of Arkansas, who purchased the mother of said family (Lizzy) of one P. Allen, of Monroe county, Mississippi; bill of sale given to me, Samuel Burke, dated 16th October, 1840, and sold of late by Virgil J. Burke (who had the equitable title of said negroes) to Hector McNeill, as before named: this, then, is to convey all the right and title that I have to said negroes, with all their increase, &c., from me, my

heirs, &c., unto him, said Hector McNeill, his heirs, assigns, &c. *Warranting and defending against all claims against said negroes, in, through or by me* in the nature of a quit claim. This 21st day of July, 1851.

his

SAMUEL BURKE, [seal.]

mark.

The plaintiffs objected to the reading of this deposition, on the grounds that Samuel Burke was an incompetent witness, &., but the court permitted it to be read in evidence, and plaintiffs excepted.

The first ground of objection to the competency of the witness, is, that he was interested in the result of the suit, by reason of the clause of warranty contained in the above bill of sale from him to McNeill. That he warranted the title to the slaves, against all claims in, through or by him ; and that the deed of trust under which the plaintiffs claimed title, and the execution of which the deposition of the witness conduced to disprove, was embraced by the warranty, being a claim under him ; and if the plaintiffs recovered in the action, the witness would be liable over to McNeill upon the warranty.

The purport of the bill of sale, is, that the grantor had the naked, legal title, which, for the consideration of *five* dollars, he conveyed to McNeill, with warranty against all claims under the grantor. There is no proof that the $5.00 was not really paid, but was nominal, and inserted as matter of form, nor is there any showing that McNeill had released the witness from liability upon the warranty.

The warrantor of title to the property which is in controversy, is generally incompetent as a witness for his vendee, in an action concerning the title. And it makes no difference in what manner the liability arises, nor whether the property is real, or personal estate. If the title is in controversy, the person who is bound to make it good to one of the litigating parties, against the claim of the other, is identified in interest with that party ; and;

therefore, cannot testify in his favor. 1 *Greenl. Ev.*, sec. 397; 1 *Phil. Ev.* 108; *Cowen & Hill's notes, part* 1, *note* 96.

The *magnitude* or *degree* of the *interest* is not regarded in estimating its effect on the mind of the witness, for it is impossible to measure the influence which any given interest may exert. It is enough that the interest which he has in the subject, is direct, certain, and vested, however small may be its amount; for interest being admitted as a disqualifying circumstance in any case, it must, of necessity, be so in every case, whatever be the character, rank or fortune of the party interested. 1 *Greenl. Ev.*, sec. 391.

Where the vendor sells without warranty, express or implied, he is competent; or where his covenant of warranty is restricted to claims set up under himself alone, he is a competent witness for his vendee, in a contest between his vendee, and one not claiming under the vendor. *Twambly vs. Henley*, 4 *Mass.* 441; *Bendelman vs. Foulk*, 5 *Watts* 308; *Adams vs. Cuddy*, 13 *Pick.* 460; *Bridge vs. Eggleston*, 14 *Mass.* 245; *Davis vs. Spooner*, 3 *Pick.* 284; *Lathrop vs. Muzzy*, 5 *Greenl.* 450.

But, in the case before us, both parties claim under the witness.

Mr. GREENLEAF further remarks, in *sec.* 397, from which we have quoted above, that: "If the effect of the judgment is certainly to render him liable, though it be only for costs, he is incompetent; *but, if it is only to render it more or less probable that he will be prosecuted, the objection goes only to his credibility,*" &c.

The counsel of McNeill, availing themselves of this latter remark of Mr. GREENLEAF, say: "That it would be a most improbable and preposterous idea to suppose that defendant would ever attempt, upon the plaintiff's recovery, to go from Arkansas to Kentucky, to recover the consideration mentioned in the bill of sale, *to wit :* the sum of *five dollars,*" from the witness.

Mr. GREENLEAF cites no authorities in support of the above remark, which we have copied in *italics*, nor do we understand to what character of cases, he intended it to apply; but it has been

13c

held in adjudicated cases entitled to respect, that, "the uncertainty whether the judgment *will be* used against the witness, will not make him competent. His competency does not depend on the certainty of using the evidence against him hereafter, but on the certainty that it may be used if wanting." *Lampton vs. Lampton's Exrs.*, 6 *Mon.* 619; *Wallace's Exrs. vs. Twyman*, 3 *J. J. Marsh.* 461 ; *Collett vs. Wiley's heirs*, 2 *Bibb* 467. For, remarked the court, in the case last cited, as it is not in the power of the court to estimate the degree of interest a witness is capable of resisting, the law wisely rejects every one, whose right may be immediately affected by the determination.

We have no means of determining what consequence McNeill may attach to the warranty, nor to what extent the liability of the witness thereon may have biased his testimony. The law, which does not regard the magnitude of the interest, has fixed a standard which we can follow, but if we depart from this, we are upon an open sea, without any certain guide.

It is moreover insisted by the counsel of McNeill, that the interest of the witness was balanced. They say : " It appears from the deed of trust that the witness received *ten dollars*, as one of the considerations for executing the deed. There is no covenant of warranty, it is true, in the deed, but on the sale of personal property, the law raises an implied warranty, that the vendor had the right to sell the property mentioned in the deed ; and, therefore, in this case, the beneficiaries in the deed would have the right to recover back from the witness, the $10 acknowledged to have been paid in the deed."

It may be remarked in reference to this argument, that it is based upon the assumption that the witness did really execute the deed of trust, which is the very matter the defendant is seeking to disprove by the deposition of the witness. But aside from this, though it may be true, that a vendor of goods having possession, and selling them as his own, is held bound in law, to warrant the title to the vendee ; (1 *Greenl. Ev.*, sec. 398,) yet, there is no pretence that the witness sold the slaves to the beneficiaries

in the deed; on the contrary, it is manifest from the face of the deed, and the testimony of Glover, (if he is to be believed) that the witness made a gift of the slaves to his son's wife and her children. The $10 purports, on the face of the deed, to have been paid by Glover, the trustee, and not by Mrs. Burke, and was, perhaps, inserted as matter of form.

It is moreover insisted by the counsel of McNeill, that the plaintiffs being the grand-children of the witness, his prejudice in their favor, by reason of natural affection, would more than counterbalance any bias upon his mind in favor of the defendant because of the warranty.

But it seems, also, from the testimony, that the defendant was related to the witness, likewise, perhaps a nephew, and we have no mode of determining with any certainty, which he had the stronger affection for, the plaintiffs or the defendant. We might conjecture that his attachment was stronger for those most nearly related to him, but this would not do to rely on as a rule, for it is not always true. The only safe rule, as above remarked, is to exclude the witness where he is interested in the result of the suit, without regard to the magnitude of the interest.

The second objection taken by the plaintiffs to the deposition of Samuel Burke, is, that he was an incompetent witness to disprove the execution of a deed (the deed of trust) purporting to have been executed by him. There is nothing in this objection. It has been held, at one time, in England, that no party who has signed a deed shall ever be permitted to give testimony to invalidate the instrument which he has so signed. But this doctrine was overturned there, and our decisions favor the competency of the witness. See *Tucker vs. Wilamowicz*, 3 *Eng. Rep.* 157, and cases cited. *Caldwell Exr. vs. Mc Vicar*, 7 *Eng. R.* 750. See, also, *Knight vs. Packard*, 3 *McCord R.* 71; 1 *Serg. & R.* 102; 2 *Binn.* 168, on the same subject.

On the grounds of interest, however, as we have above seen, the deposition of Samuel Burke should have been excluded.

It may be well enough to remark that the case of *McNeill vs.*

*Arnold* was reversed mainly upon the ground that such portions of Samuel Burke's deposition, taken in that case, as were responsive to interrogatories which were not leading, were erroneously suppressed and excluded from the jury by the court. In that case, the competency of Burke was not questioned in the court below, nor in the argument here. His deposition was objected to, and suppressed on the ground that the interrogatories were leading. We could not consider the question of incompetency here, because it was not made in the court below. *Scott vs. Jester,* 13 *Ark. Rep. p.* 442, and cases there cited. *Gunter vs. Ashley,* 15 *Ark.* 415; 1 *Greenl. Ev., sec.* 421. Had the objection, that the witness was incompetent on account of interest, been raised when the motion to suppress was made, McNeill would have had it in his power, if he had thought proper, to release the witness from liability upon the warranty, and retake his deposition. But had we affirmed the judgment upon the ground that the witness was incompetent; and, therefore, the deposition properly suppressed, though not for that reason, he would have been cut off from the privilege of executing a release, and retaking the deposition.

But, in the case now before us, the motion to exclude was expressly made upon the grounds of incompetency and in proper time.

The court below gave all the instructions asked by the plaintiffs, and refused to give those moved by the defendant, except the 3d, 5th, 8th and 9th.

The instructions given at the instance of the defendant, against the objection of the plaintiffs, so far as they differ from those given on the motion of the plaintiffs, were perhaps, based upon the testimony of Burke. As we have held that his testimony should have been excluded, it is unnecessary to consider the instructions based upon it.

The judgment is reversed, and the cause remanded, with instructions to grant the plaintiffs a new trial.